JAMES M. STOKES, JR., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 45865. Promulgated April 30, 1931.

*Paul F. Myers, Esq.*, for the petitioner.
*Miles J. O'Connor, Esq.*, for the respondent.

OPINION.

ARUNDELL: The deficiency in income tax involved herein is $731.69 for 1925, and the issue is whether or not renewal commissions on policies of insurance paid to petitioner's wife under an assignment executed by petitioner are taxable to him.

On and prior to January 29, 1923, petitioner was soliciting life insurance for the Mutual Benefit Life Insurance Company under a contract of employment entered into on March 1, 1915, with James H. Glenn, General Agent, Philadelphia, Pa., as modified by a letter from Glenn on March 6, 1919, with reference to commissions payable on certain business written in and after 1919.

On January 29, 1923, the petitioner assigned to his wife, Mary M. Hooton Stokes, " for natural love and affection " all of his right, title and interest in and to any and all renewal commissions then due and which might thereafter become due to him on any and all policies of insurance issued prior to January 1, 1923, by the Mutual Benefit

Life Insurance Company upon applications obtained by him under the said employment contract of March 1, 1915, the payment of such commissions to the assignee to be a full and complete discharge of the insurance company and Glenn as to commissions so paid.

Since the execution of this assignment all the renewal commissions specified therein have been paid by the insurance company to the assignee. During 1925 the payments made to petitioner's wife under the assignment amounted to $5,298.52. No part of this sum has ever been paid to petitioner. As assignee of commissions due on the renewal premiums, petitioner's wife had the right to apply to the insurance company for payment of the commissions in a lump sum. The right to the commissions had a commuted value.

With the performance of the work the right to the commissions became petitioner's and they were no less received by him in law where he sees fit to direct that the payment may be made to his assignee. The view here expressed is in conformity with prior decisions of the courts and the Board, which decisions discuss in detail the theory underlying this conclusion and the authorities in support thereof. *Alexander S. Browne*, 3 B. T. A. 826; *Arthur F. Hall*, 17 B. T. A. 752; *L. Brackett Bishop*, 19 B. T. A. 1108; *Edward J. Lucé*, 18 B. T. A. 923; *Lucas* v. *Earl*, 281 U. S. 111. This is not a case where one transfers by way of gift or otherwise an interest in a fund or property that he owns with the corresponding right in the donee or transferee to receive the income by reason of an ownership in such fund or property.

*Decision will be entered for the respondent.*