## LUCAS, COMMISSIONER OF INTERNAL REVENUE, *v.* EARL.

No. 99. Argued March 3, 1930.—Decided March 17, 1930.

*Solicitor General Hughes,* with whom *Assistant Attorney General Youngquist* and *Messrs. Millar E. McGilchrist, Claude R. Branch, Sewall Key* and *J. Louis Monarch,* Special Assistants to the Attorney General, were on the brief, for petitioner.

*Mr. Warren Olney, Jr.,* with whom *Messrs. J. M. Mannon, Jr., Robert L. Lipman and Henry D. Costigan* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This case presents the question whether the respondent, Earl, could be taxed for the whole of the salary and attorney's fees earned by him in the years 1920 and 1921, or should be taxed for only a half of them in view of a contract with his wife which we shall mention. The Commissioner of Internal Revenue and the Board of Tax Appeals imposed a tax upon the whole, but their decision was reversed by the Circuit Court of Appeals, 30 F. (2d) 898. A writ of certiorari was granted by this Court.

By the contract, made in 1901, Earl and his wife agreed " that any property either of us now has or may hereafter

acquire . . . in any way, either by earnings (including salaries, fees, etc.), or any rights by contract or otherwise, during the existence of our marriage, or which we or either of us may receive by gift, bequest, devise, or inheritance, and all the proceeds, issues, and profits of any and all such property shall be treated and considered and hereby is declared to be. received, held, taken, and owned by us as joint tenants, and not otherwise, with the right of survivorship." The validity of the contract is not questioned, and we assume it to be unquestionable under the law of the State of California, in which the parties lived. ' Nevertheless we are of opinion that the Commissioner and Board of Tax Appeals were right.

The Revenue Act of 1918 approved February 24, 1919, c. 18, §§210, 211, 212 (a), 213 (a), 40 Stat. 1057, 1062, 1064, 1065, imposes a tax upon the net income of every individual including " income derived from salaries, wages, or compensation for personal service . . . of whatever kind and in whatever form paid," § 213 (a). The provisions of the Revenue Act of 1921, c. 136, 42 Stat. 227, in sections bearing the same numbers are similar to those of the above. A very forcible argument is presented to the effect that the statute seeks to tax only income beneficially received, and that taking the question more technically the salary and fees became the joint property of Earl and his wife on the very first instant on which they were received. We well might hesitate upon the latter proposition, because however the matter might stand between husband and wife he was the only party to the contracts by which the salary and fees were earned, and it is somewhat hard to say that the last step in the performance of those contracts could be taken by anyone but himself alone. But this case is not to be decided by attenuated subtleties. It turns on the import and reasonable construction of the taxing act. There is no doubt that the statute could tax salaries to those who earned them and

provide that the tax could not be escaped by anticipatory arrangements and contracts however skilfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew.

*Judgment reversed.*

The CHIEF JUSTICE took no part in this case.