## SAENGER v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7148.

Circuit Court of Appeals, Fifth Circuit.

March 10, 1934.

S. L. Herold, of Shreveport, La., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Robert N. Anderson, Sp. Assts. to Atty. Gen., and E. Barrett Prettyman, Gen. Counsel, Bureau of Internal Revenue, and Hartford Allen, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The question for decision here as to amounts paid Saenger by Saenger Theaters, Inc., in 1929 as extra compensation in addition to his regular salary is: Whose income were they? Saenger insists that they were income of a corporation, A. & J., Inc., formed in 1927 to succeed to the partnership business of Saenger Bros.; the Commissioner, that they were Saenger's. The question is answered by determining who earned them. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731.

The Commissioner and the Board say Saenger did. The petitioner admits that on the face of it, it appears that he did, but claims that this is only an appearance; that in fact A. & J., Inc., earned them through Saenger, its man. Until March, 1927, the brothers A. D. and J. H. Saenger constituted the universal partnership of Saenger Bros. This partnership had many and varied interests. It operated over a wide territory. It owned all of the properties the two partners had title to. All of their earnings for services and efforts were partnership earnings. In February, 1927, a preliminary agreement for the formation of the A. & J., Inc., successor to the partnership, was made. It recited the existence and scope of the partnership, its overgrown proportions, and the partners' determination to form and transfer to A. & J., Inc., as successor to it, all of its properties except the stock in Saenger Theaters, Inc., including all other earnings of the partners. The partners agreed to work exclusively for it and to account to it for any salary or other compensation received. The first meeting adopted a resolution substantially in accordance with the preliminary agreement, constituting A. & J., Inc., successor to Saenger Bros. and undertaking to provide that except as to the stock of Saenger Theaters, Inc., A. & J., Inc., should stand as to the properties of Saenger Bros. and as to the services and earnings of the individuals who had composed the partnership, just as Saenger Bros.

had done.[1] In July, 1929, Paramount Publix Corporation acquired all the capital stock of Saenger Theaters, Inc. On June 17 that company by resolution directed the assignment to A. D. Saenger or to the beneficiary designated by him, as extra or additional compensation, of two policies of insurance on Saenger's life; each having a cash surrender value of $5,725. On September 12, 1929, these policies were transferred on the order of A. D. Saenger to A. & J., Inc., and it was named as the beneficiary. Saenger Theaters, Inc., in its income tax for 1929 deducted these amounts as extra compensation to officers, and the deductions were allowed. Neither Saenger nor A. & J., Inc., returned them as income. The Commissioner and the Board thought the case a plain one of an abortive attempt to separate tree and fruit within the Earl case. We think so too.

■■ Petitioner does not deny the authority of that case, nor does he dispute its comprehensive effect to strike down all efforts to separate, for income tax purposes, future earnings from their earner, future income from the thing or person that produces it, in short, the tree from its fruits. He asserts, however, that comprehensive as it is, it cannot apply to a case where in law and in fact there is no separation. He insists that here is no agreement to assign future earnings. Here is an agreement with Saenger assigning not his earnings but himself, to A. & J., Inc., so that compensation paid him is not his earnings, but that of A. & J., Inc.

It must be conceded that granting the set-up assumed, this argument has theoretical consistency. It breaks down only because the assumption is not founded on fact. It assumes for the set-up that by the preliminary agreement and the resolution Saenger conveyed or assigned, not his future earnings, but himself. That he sold, not the fruit, but the tree. This will not do. Wholly aside from the fact that the sale of a man as distinguished from his earnings, as imagined by petitioner, cannot legally take place, the language used does not purport to do that; it does not admit of the view that any such result was attempted. An ingenious arrangement shrewdly designed to coalesce the corporation and the partnership, as regards the return and payment of income taxes it must fail. Statutes govern this. Incomes are taxed to and as the statutes provide; their terms, and not analogies, control. Busch v. Commissioner of Internal Revenue (C. C. A.) 50 F.(2d) 800.

When Saenger Bros. was a partnership, the partners were entitled to make their returns and pay their taxes as provided for partners. Now that they are individuals they must make their returns and pay their taxes as individuals. Their corporation must make its returns and pay its taxes as a corporation. The corporation is no more the partnership which it succeeded to than it is the individuals who own its stock. The whole structure of the federal taxing system is based upon a recognition of, and an exact compliance with, these distinctions. Fraudulent pretense absent, the government accepts the taxpayer as it represents itself to be, and it must make its returns and pay its taxes accordingly. Planters' Cotton Oil Co. v. Hopkins (C. C. A.) 53 F.(2d) at page 827.

■ The rule of the Earl Case, while made graphic by a figure, is more than a figure of speech. It is an expression of the simple truth that earned incomes are taxed to and must be paid by those who earn them, and unearned incomes to those who own the property or right that produced them, not to those to whom their earners or owners are under contract to pay them. It establishes once for all that no device or arrangement, be it ever so shrewdly and cunningly contrived, can make future earnings taxable to any but the real earner of them, can make future incomes from property taxable to any but the owner of the right or title from which the income springs. Corliss v. Bowers, 281 U. S.

---

[1] "On motion of Mr. A. D. Saenger duly seconded, a resolution was unanimously carried to the effect that the charter so prepared was satisfactory, and that same be adopted and signed as a charter of A. & J. Inc. to take the place of, as the universal successor to the firm of Saenger Brothers, with the exception that the individual members of the firm of Saenger Bros. should retain each his common stock in Saenger Theaters, Inc. and with the agreement on the part of the individual members of Saenger Bros. that all earnings of every character accruing or paid to such member by any individual, firm or corporation for any services rendered by him should be the property of A. & J. Inc. in the same manner and to the same extent as were such earnings the property of the partnership prior to the formation of the corporation; it being understood that J. H. Saenger and A. D. Saenger were under obligation to the corporation for a period of ten years from this date to devote each his entire time to the affairs of the said corporation, and that all of his earnings of every character should belong thereto."

376, 50 S. Ct. 336, 74 L. Ed. 916; Burnet v. Leininger, 285 U. S. 142, 52 S. Ct. 345, 76 L. Ed. 665; Burnet v. Guggenheim, 288 U. S. 280, 53 S. Ct. 369, 77 L. Ed. 748; Reinecke v. Smith, 289 U. S. 177, 53 S. Ct. 570, 77 L. Ed. 1109; Burnet v. Wells, 289 U. S. 677, 53 S. Ct. 761, 77 L. Ed. 1439; Van Meter v. Com'r (C. C. A.) 61 F.(2d) 817; Daugherty v. Com'r (C. C. A.) 63 F.(2d) 77, 78; Blumenthal v. Com'r (C. C. A.) 60 F.(2d) 715; Reynolds v. McMurray (C. C. A.) 60 F.(2d) 843; Pedder v. Com'r (C. C. A.) 60 F.(2d) 866.

The rule does not make taxable to one the income of another. It operates to prevent this occurring. If what is done in any case, no matter what form of words is used, amounts to the transfer of the right or title to that from which the income springs, the income follows the right. Likewise, if compensation paid to one is paid to him as the agent or servant in fact, not in fiction, of another, that income is taxable, not to the servant or agent as earner, but to its real earner, the principal. Poe v. Seaborn, 282 U. S. 101, 51 S. Ct. 58, 75 L. Ed. 239; Hopkins v. Bacon, 282 U. S. 122, 51 S. Ct. 62, 75 L. Ed. 249; Hoeper v. Tax Comm., 284 U. S. 206, 52 S. Ct. 120, 76 L. Ed. 248; Rose v. Com'r (C. C. A.) 65 F.(2d) 616; Commissioner v. Olds (C. C. A.) 60 F.(2d) 252, 253.

Neither Saenger nor A. & J., Inc., have returned these amounts as income. We are not concerned therefore to determine what would have been the situation had Saenger and the corporation agreed that it should return them and the government had accepted the returns as made.

The petition is denied.