## EMERY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3011.

Circuit Court of Appeals, First Circuit.

June 20, 1935.

Benjamin Wiener, of New York City (Herman Goldman, of New York City, on the brief), for petitioner for review.

Berryman Green, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the executrix of the deceased taxpayer, Frederick L. Emery, from an adverse decision by the Board of Tax Appeals on assessments of additional income taxes for the years 1924 to 1928, inclusive.

Mr. Emery was a well-known patent lawyer. His principal office was in Boston. Many years ago he formed a partnership with Lucius E. Varney, another patent lawyer, under the firm name of Emery, Booth, Janney & Varney with offices in New York City. This New York firm and the Boston firm with which Mr. Emery was connected forwarded business to each other on an arrangement between them. Beginning in 1922 it was arranged between Emery and Mr. Varney that Mr. Emery should no longer be a member of the New York firm and should have no further interest in its business; that he should permit the New York firm to retain his name as its leading member, and, in consideration thereof and in recognition of his past services to the firm, he should receive a certain sum or percentage of the receipts of the business. The amount to be paid was modified from time to time by later supplementary agreements. This agreement was made orally between the two and was not put into writing. Important points are left indefinite, e. g., it does not appear how long the agreement was to last, nor whether it was to terminate at Emery's death.

On June 26, 1922, Mr. Emery assigned to Mr. Varney, as trustee for Mrs. Emery, all sums due or to become due to him under this agreement. Thereafter all such sums were paid to her; she returned them as her personal income and paid taxes on them; Mr. Emery did not include them in his returns. On reauditing Mr. Emery's returns the Commissioner held that the sums referred to ought to have been included in Mr. Emery's income; and he accordingly assessed against him the additional taxes here in question. The Board of Tax Appeals sustained the Commissioner's ruling.

■■■ The general principles of law involved are not in dispute. The income of property may, generally speaking, be assigned and, if assigned, ceases to be income of the assignor and becomes taxable to the assignee. Hall v. Burnet, 60 App. D. C. 332, 54 F.(2d) 443, 83 A. L. R. 86; Commissioner v. Field (C. C. A.) 42 F. (2d) 820; Nelson v. Ferguson (C. C. A.) 56 F.(2d) 121. On the other hand payments for personal services are always due primarily to the person rendering the serv-

ices; he remains "the owner of the right or title from which the income springs." Saenger v. Commissioner (C. C. A.) 69 F. (2d) 631, 632; Luce v. Burnet, 60 App. D. C. 393, 55 F.(2d) 751. When such earnings are assigned, the assignee takes as representative of the assignor and the earnings continue to be taxable to the assignor. Lucas v. Earl, 281 U. S. 111, 50 S. Ct. 241, 74 L. Ed. 731; Luce v. Burnet, supra; Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 336, 74 L. Ed. 916.

 The question in this case is to which of these two classes the sums paid by Mr. Varney to Mrs. Emery under the assignment from her husband belong. The petitioner contends that the payments were made for the right to use Emery's name; that this right was a property right, analogous to the use of a trade-name; and that the payments were therefore fully assignable. We do not think that this is a correct interpretation of the rather informal arrangement which Mr. Emery and Mr. Varney made. The basis on which that arrangement rested was that Mr. Emery had been for years the senior member of the firm and had been of much value to it; and that when he wanted to withdraw, Mr. Varney, as the only other partner at that time, wished to continue to use the old firm name and to recognize Mr. Emery's past services to the firm and to himself. These circumstances led to the arrangement between them. In the assignment to Mrs. Emery, Mr. Emery refers to himself as a "member" of the New York firm and to the sums thereby assigned as "earnings" of that firm. Mr. Emery did not hire out his name to a firm with which he had nothing to do. Such an arrangement would be unprofessional. On his retirement from the firm which he had headed and had evidently done much to build up, he arranged for the continued use of his name and for definite payments to him from the earnings. Such payments were distinctly personal in character, bearing some analogy to a private pension, and were not subject to be assigned like the income of property. They were "compensation for personal service" within the meaning of the statute (Revenue Acts 1924 and 1926, § 213 (a), 26 USCA § 954 (a); Revenue Act 1928, § 22 (a), 26 USCA § 2022 (a), and, as such, taxable to the person entitled to them. Van Meter v. Commissioner (C. C. A.) 61 F. (2d) 817, 818. That the sums in question have been returned and taxed to Mrs. Emery does not estop the government from assessing the taxes in question. No such contention is made. Doubtless the Commissioner will make a fair adjustment of this phase of the matter.

The decision of the Board of Tax Appeals is affirmed.