MILLAR BRAINARD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56985. Promulgated July 25, 1935.

*John E. Hughes, Esq.,* for the petitioner.
*Hartford Allen, Esq.,* for the respondent.

#### OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax for the year 1928 in the amount of $34,121.64. The issue is whether " respondent erred by adding to petitioner's income the sum of $147,620.18 for alleged profit on stock trading." In the deficiency letter respondent made the following explanation of his action:

The increase in income is due to transferring profits reported by your wife, mother and children, which you assigned to them upon the sale of the securities. You are advised that in as much as the assignment of these gifts took effect after the sale, the profit realized thereon is taxable to you.

In December 1927 the petitioner, having decided that conditions were favorable, contemplated trading in the stock market during 1928. He consulted a lawyer and was advised that it was possible for him to trade in trust for his children and other members of his family. Petitioner thereupon discussed the matter with his wife and mother, and stated to them that he declared a trust of his stock trading during 1928 for the benefit of his family upon certain terms and conditions. Petitioner agreed to assume personally any losses resulting from the venture, and to distribute the profits, if any, in equal shares to his wife, mother, and two minor children, after de-

ducting a reasonable compensation for his services. During 1928 petitioner carried on the trading operations contemplated and at the end of the year determined his compensation at slightly less than $10,000, which he reported in his income tax return for that year. The profits remaining were then divided in approximately equal shares among the members of his family, and the amounts were reported in their respective tax returns for 1928. The amounts allocated to the beneficiaries were credited to them on petitioner's books, but they never got the cash, except petitioner's mother, to a small extent.

It is a well established general rule that a valid and enforceable trust in personal property may be created by parol, *James H. Torrens*, 31 B. T. A. 787, 796, and this is the law in Illinois, *John H. Stevens*, 24 B. T. A. 52, and cases therein cited. But it is unnecessary, we think, to attempt to determine here whether an enforceable parol trust may be established in personal property not owned by the trustor at the time of the declaration of the trust but which is to be acquired in the future, for the reason that if a valid trust was not created by this petitioner until after he had earned the profits in question, clearly he is taxable thereon, and if a valid trust was created prior thereto we reach the same conclusion under the facts of this case.

If the petitioner made a gift in trust of the *res* which thereafter produced income, the income is not taxable to him, but if the subject matter of the trust consisted merely of an assignment of future profits, the amount is properly taxable to petitioner, and the incidence of the tax fell before the trust was created. *Lucas* v. *Earl*, 281 U. S. 111. The question presented, then, is purely one of fact, which we must determine from the evidence in the record before us.

Petitioner testified that he told his wife the trust " would be in the securities, the stocks or bonds ", which would be purchased; and again on cross-examination he testified that the transactions themselves constituted a trust for the benefit of his family; that he declared " an interest in the stock, the securities purchased and sold "; and still again that his " securities trading " was a trust for the members of his family. However, in a sworn statement dated February 4, 1931, addressed to the Commissioner, protesting the proposed assessment of additional tax, the petitioner stated:

In December 1927, taxpayer anticipated considerable profits during the coming year from dealing in stocks and decided then and there that said profits should constitute a trust for his mother, his wife and his two children.  *  *  *

Accordingly, in December 1927, taxpayer declared that all profits made by him from dealing in stocks for the taxable year 1928, less a reasonable amount to be determined by him as compensation for managing the trust, should constitute a

trust for the benefit of his mother, his wife and his two minor children and should be credited and eventually paid to them; the respective shares of each of them to be determined after the close of the year 1928.

From the whole record we think that petitioner intended to give in trust to the members of his family only the profits that might be derived from his stock market operations during 1928. It seems obvious that he never intended to give, and certainly he did not in fact give, the securities purchased and sold nor the capital employed in his market trading. The securities were purchased solely for the purpose of reselling at a profit, and it was only in the profits that the members of petitioner's family received any benefit or distributive share. All losses were to be borne by the petitioner, and if there had been no profit, his family would have had no interest of any kind whatever in the account.

After the close of the year, petitioner determined an amount which he considered reasonable compensation for his services, and the remaining profits, computed without reference to losses on certain specific transactions, were credited on his books to the respective members of his family, in approximately equal amounts. Thus, whatever may have been petitioner's intention, it was only the profits which were in fact given by him in the way of credits, but even those credits, for reasons not disclosed by the record, were never paid to his family in cash, except in the case of petitioner's mother, who received to a limited extent the amount credited to her. The corpus representing securities or the proceeds from the sale thereof were not distributed to the members of petitioner's family.

In the circumstances disclosed, we are of the opinion that petitioner's declaration of trust in December 1927 amounted to no more than an assignment of profits or income to be earned in the future. The fact that petitioner declared in 1927 that whatever profits he might derive from trading on the market in 1928 he would hold in trust for the benefit of the members of his family is immaterial and can not affect or lessen his liability for tax thereon. *T. J. Rogers*, 15 B. T. A. 638. The assignment of a bare right to income does not relieve the assignor of tax liability thereon. *Rose* v. *Commissioner*, 65 Fed. (2d) 616.

In *Milton A. Holmes*, 21 B. T. A. 584, we held that a certain trading account carried with a brokerage firm in 1924 under the designation "Milton A. Holmes No. 3" was the separate property of the petitioner's wife, and that the income therefrom was therefore not taxable to the petitioner. The facts of that case, however, clearly distinguish it from the present proceeding. No gift was involved. The evidence established that the brokerage account was opened and operated by petitioner for and at the request of his wife, and the brokerage firm was so informed. Prior to opening the account it was

agreed and understood that any losses sustained should be borne solely by the wife, and that any profits derived should be her property. It further appeared that the petitioner's wife owned securities and cash in excess of $19,000 which she authorized her husband to use to protect the trading account against possible losses. The account was at all times treated as the separate property of the wife, and the income was in fact paid over to her in subsequent years.

In the case at bar, all losses were to be borne by the petitioner; under the declaration of trust the members of his family had an interest only in such profits, if any, as might be derived, and hence their interest did not attach until and after the profits were derived. On the facts presented, and for the reasons indicated, we hold that the income in controversy is taxable to the petitioner as a part of his gross income for 1928. Respondent's action is approved.

*Judgment will be entered for the respondent.*