**COMER v. DAVIS, Collector of Internal Revenue.**

**No. 9121.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 15, 1939.

Lee C. Bradley, Jr., and A. J. Bowron, Jr., both of Birmingham, Ala., for appellant.

Courtnay C. Hamilton, Sp. Asst. to Atty. Gen., and Jim C. Smith, U. S. Atty., and Erle Pettus, Jr., Asst. U. S. Atty., both of Birmingham, Ala., for appellee.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from an order sustaining appellee's motion to dismiss appellant's amended complaint filed under the Tucker Act, 28 U.S.C.A. § 41 (20), for the recovery of an alleged overpayment of taxes for the year 1930. The statute involved is Section 22 of the Revenue Act of 1928, 45 Stat. 791, 797, set out in the margin.[1]

---

[1] "Sec. 22. Gross income

"(a) General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever." 26 U.S.C.A. § 22(a).

The case is that appellant, together with eight brothers and sisters, executed an agreement on May 16, 1927, conveying to himself and four brothers and sisters, as trustees, 3926-26/49 shares of stock of the Jefferson Building and Realty Company, together with other property all yielding substantial income. The trustees were directed to collect all income and indebtedness accruing to the estate and to pay over the net income share and share alike, to the beneficiaries.

The agreement contained a further provision that "all salary received by either one of the trustees under this trust for services as an officer of the Jefferson Building and Realty Company shall be paid over to the trustees under this trust and the same shall be held as a part of the income of the trust estate under this trust." Having been elected president of the Jefferson Building and Realty Company, on the vote of the trust shares, which were more than ninety-eight per cent of the outstanding stock, appellant was paid a salary of $5,000 for the year 1930. This sum was duly paid to the trust, the total income of which was distributed between the nine beneficiaries, appellant's share being $14,337.88, of which $555.55 represented one-ninth of the salary.

Appellant filed his return for 1930 disclosing a tax liability of $1,426.26, and paid this amount. Thereafter, the commissioner levied a deficiency assessment for $936.27 and interest thereon, being the tax on the unreported salary balance, which represented the amount claimed by the commissioner as appellant's liability for the salary mentioned above. The deficiency assessment having been satisfied, appellant filed a claim for refund, alleging overpayment and contending that the salary was not income as to him; that he was not taxable thereon except as a beneficiary of the trust, and, as such beneficiary, only as to one-ninth, or his distributive share. He also contended that, in the event he should be held liable for the tax on the salary, his gross income, including the salary, should be adjusted to equal his distributive share of the disbursements from the trust, plus other income.

The claim for refund was denied, except for $63.02, which represented the tax on one-ninth of the salary, admittedly paid by appellant on his original return, and this action was begun for the recovery of the balance. The original complaint contained allegations that appellant rendered no service to the Jefferson Building and Realty Company differing from that rendered by other trustees, who were directors of the corporation, but that the management and control of the property of the corporation was performed by a salaried employee. However, this allegation was omitted from the amended complaint, so that the case now presented turns on the question of whether or not the trust agreement converted the salary of the president of the corporation from compensation to appellant to income from the trust property, taxable only under Section 162 of the act of 1928, 45 Stat. 791, 838.[2]

Appellant contends that the trust agreement was an extension of the principle of the law of trusts, that a trustee may make no profit out of the estate, because of the fiduciary relationship existing between him and the beneficiaries of the trust. If this principle be given its greatest weight, it does not follow that the salary here involved was profit from the trust or income from the trust property. It ignores the fiction of a corporate entity intervening in ownership of the corporate property, and assumes that the property and not the stock was owned and managed by the trustees. Whether or not such an assumption might be indulged if the trust had owned all of the stock need not be considered here, since there was other stock outstanding, and the corporation was a real

[2] "The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\*     \*     \*     \*     \*

"(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year." 26 U.S.C.A. § 162(b).

entity, owning and managing property and receiving and disbursing funds for its own account and profit.

Thus, on the pleadings before us, it must be assumed that the salary paid to appellant was for service or services which he had undertaken to perform for the corporation and not for the trust. Any other assumption would convict appellant or the trustees of bad faith as to the minority stockholders, or of an attempt to withdraw a part of the corporate earnings under the guise of expense of operation.

Conceding that the salary was compensation for services rendered or agreed to be rendered by appellant, the problem is simply one of the application of Section 22 of the act of 1928. The act defines gross income as including salaries, wages, or compensation for personal services, of whatever kind and in whatever manner paid. It is obvious that, unless the trust agreement had the effect of converting the payment of salary to appellant to a payment to the trust estate, the entire salary, and not merely his distributive share, was taxable against him under the express provisions of the act.

In Van Meter v. Commissioner, 8 Cir., 61 F.2d 817, it was said that the earner of income was the one whose personal efforts had produced it. In Lucas v. Earl, 281 U. S. 111, 50 S.Ct. 241, 74 L.Ed. 731, a similar provision of an earlier tax law was applied to a case in which the taxpayer had executed an agreement vesting one-half of his earnings in his wife. Upon the claim that the intention was to tax only the income beneficially received, it was pointed out that, however the matter might stand as between husband and wife, he was the only party to the contracts by which the salaries were received, and the only one by whom the last step in the completion of the execution of the contracts could be taken. That is, under the present case, payment by the Jefferson Building and Realty Company to the trust, without additional facts, would not be a discharge of the obligation of the corporation to pay salary to appellant. But the court went further and said: "There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skillfully devised to protect the salary when paid from vesting even for a second in the man who earned it."

The principle announced is not in conflict with that announced in Poe Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239, since, in the latter case, the interest of the wife was held to vest as soon as earned by the husband, not because it first vested in the husband and then passed to the wife, but because under the community property law the interest of the wife was coextensive and coexistent with that of the husband. No assignment was relied upon to create or vest her interest. While her interest may have been derivative, no act of his to transfer and no acceptance by her were necessary to vest it. In the instant case, the assignment itself provides that "all salary received * * * shall be paid over to the trustees. * * * " It recognizes the exclusive right of the earner to receive the salary, and seeks only to bind him to pay it over to the trust.

It is well established that earned income is taxable to those who earn it, notwithstanding a contractual disposition after it is received. The statute here involved so levies the tax, and to question appellant's liability therefor is not so much a matter of statutory construction as a challenge to the power of Congress to levy the tax against the person who earns the income. Burnet v. Leininger, 285 U.S. 136, 52 S.Ct. 345, 76 L.Ed. 665; Mitchel v. Bowers, 2 Cir., 15 F.2d 287, certiorari denied 273 U.S. 759, 47 S.Ct. 473, 71 L.Ed. 877; Van Meter v. Commissioner, supra.

Appellant's second contention is without merit for the same reasons set out above. The salary was income when appellant received it. The Revenue Act of 1928 so provides. It was not income to the trust. The beneficiaries were taxable on their distributive shares of the moneys disbursed. In addition to the salary, appellant was taxable on his other income, including that received from the trust. A refund having been allowed for his distributive share of the $5,000 returned to him by the trust, he is not being subjected to double taxation on the same income. The case of Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, relied upon by the appellant, is not in point. In that case, the assignment was of an interest in a trust. The income sought to be taxed against the assignor was from the interest in the trust which had been assigned. Unlike appellant in the present case, the assignor neither earned, received, nor was entitled to receive it. It was not "gains, profits, and

income" within the meaning of Section 22 of the Act of 1928.

The judgment of the district court is affirmed.

HUTCHESON, Circuit Judge (dissenting).

An income tax is levied upon and is to be paid by those who earn the sums on account of which the tax is laid. In Saenger v. Commissioner, 5 Cir., 69 F.2d 631, 632, where we had occasion to make a thorough canvass of the rule in Earl's case,[1] we said: "The rule of the Earl case, while made graphic by a figure, is more than a figure of speech. It is an expression of the simple truth that earned incomes are taxed to and must be paid by those who earn them, and unearned incomes to those who own the property or right that produced them, not to those to whom their earners or owners are under contract to pay them. It establishes once for all that no device or arrangement, be it ever so shrewdly and cunningly contrived, can make future earnings taxable to any but the real earner of them, can make future incomes from property taxable to any but the owner of the right or title from which the income springs. * * * The rule does not make taxable to one the income of another." Here follows the citation of many authorities including Van Meter v. Commissioner of Internal Revenue, 8 Cir., 61 F.2d 817, cited in the majority opinion in this case. "It operates to prevent this occurring. If what is done in any case, no matter what form of words is used, amounts to the transfer of the right or title to that from which the income springs, the income follows the right. Likewise, if compensation paid to one is paid to him as the agent or servant in fact, not in fiction, of another, that income is taxable, not to the servant or agent as earner, but to its real earner, the principal. * * *" Poe v. Seaborn, 282 U.S. 101, 51 S.Ct. 58, 75 L.Ed. 239; Hopkins v. Bacon, 282 U.S. 122, 51 S.Ct. 62, 75 L.Ed. 249; Hoeper v. Tax Comm., 284 U.S. 206, 52 S.Ct. 120, 76 L.Ed. 248, 78 A.L.R. 346; Rose v. Com'r, 6 Cir., 65 F.2d 616; Commissioner v. Olds, 6 Cir., 60 F.2d 252, 253.

Vigorous and compelling as are the reasons underlying the rule of the Earl case, and comprehensive and sweeping as its effect, cf. Robert T. Jones, Jr. v. Page, et. al., 5 Cir., 102 F.2d 144, it cannot make income of that which is not income; it cannot support a tax against Comer, as on income, in respect of a sum, paid as salary which by the terms of the trust agreement, is made income not of Comer, the individual, but of Comer, the trustee, as income of his trust.

With deference, the opinion of the majority has either incorrectly apprehended, or incorrectly applied the rule here. Instead of, as the majority declares, the salary having been in fact earned by and paid to the individual Comer, it was in fact earned by and paid to Comer the trustee, for the trust.

Owning 98% of the stock in the corporation, the trust owned all, or substantially all, of its stock.[2] The trust had the right through its stock ownership, to determine to whom salaries should be paid. It did determine that Comer, not individually, but as trustee and on behalf of the trust, should be president, and draw a salary as income of the trust. This arrangement was reasonable, proper and intelligent. It gave a family trust, the benefit of the services of the trustees, without paying them any personal compensation. All compensation for their services was, under the trust agreement, to come to the trust estate as the owner of the property, as its income, to be distributed along with other earnings to all beneficiaries of the trust, trustees and non-trustees equally. To hold that the salary paid under these circumstances and agreements was earned by and paid to Comer individually, and not to him as trustee, and as income of the trust, is to extend the rule in Earl's case, to a reductio ad absurdum, is, in short, to run it into the ground. The $5,000 paid as salary by the Jefferson Building and Realty Company, was not Comer's income. It was paid to him, not individually, but as trustee, for the use and benefit of the trust. It was not taxable income to Comer.

The unreality, as well as the unrelieved harshness as to Comer, of the view the majority adopts, appears even more clearly, when the second contention of appellant is examined. This is that, though individually and beneficially, Comer received from and on account of the trust estate, exactly the same income as, and not one cent more

---

[1] Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731.

[2] Cf. 26 U.S.C.A. § 141—Fixing ownership of 95% of the stock as in legal effect, all of, or substantially all of it.

than, the other beneficiaries received from and on account of it, an income tax is exacted of him, as though his income was $5,000 in excess of theirs, merely because of the fact that $5,000 of the total income of the trust was denominated salary and passed through his hands as trustee on the way to the trust.

The record shows that everyone, except the Government, understood that the salary was not Comer's individually, but as trustee for the trust. It was either the trustee's income or his, it could not be the income of both. Cf. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465.

"A strained construction in administrative efforts to accrue income should be avoided." Commissioner v. Edwards Drilling Co., 5 Cir., 95 F.2d 719, 720. Believing that the view of the majority is neither within the letter nor the spirit of the rule invoked, and mindful of another rule that questions arising upon the construction of taxing statutes should, if reasonably possible, be resolved in favor of the taxpayer, and that a strained construction to accrue income should be avoided,

I respectfully dissent.