## THOMPSON v. UNITED STATES.
### No. 9285.

Circuit Court of Appeals, Fifth Circuit.

March 26, 1940.

Earle W. Wallick, of Washington, D. C., for appellant.

Louise Foster, Sewall Key, and S. Dee Hanson, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Harry G. Taylor, Sp. Asst. to the U. S. Atty., of Miami, Fla., for the United States.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit was for refund of income taxes. The claim was: that sums determined by the Commissioner as income received by plaintiff, were not income to him, but were; (1) received by him, as agent for, or as a joint adventurer with, and as the income of, Thompson and Company, a corporation solely owned by him; or (2) had been paid to the corporation for services rendered him, (a) pursuant to a valid contract, or (b) as reasonable compensation for the services rendered; and they were deductible as reasonable and necessary expenditures made in carrying on his trade or business.

The case was tried on stipulation and on the testimony of the plaintiff and of Mrs. Thompson, who, Miss Tiernan in the tax year in question, was secretary-treasurer of and a director of Thompson and Company, and secretary-treasurer, and with plaintiff, owner of all the stock in, the "Phoenix Companies." The District Judge found that the whole of the $63,637.50, paid plaintiff by the "Phoenix Companies" was earned and received by plaintiff as his income; that plaintiff was not acting as agent of or a joint adventurer with Thompson and Company in the sale to it of the stock of the "Phoenix Companies"; that in selling the Phoenix stock it purchased, Thompson and Company rendered no services to the plaintiff; and that the sums paid Thompson were not paid it for services to plaintiff, either under contract obligations, or as the reasonable value thereof, but were mere voluntary distributions of his earnings made by plaintiff to his company. So finding, he rejected plaintiff's claim and gave judgment for the defendant. Appellant is here insisting that the judgment was wrong and must be reversed. We do not think so. The facts are simple and without dispute. Appellant, during 1928, the tax year in question, was sole stockholder and general manager of Thompson and Company, a corporation engaged in the business of buying and selling securities in Iowa and adjoining states, with a small capital but a considerable organization, forty salesmen and ten other employees. He was also president and the holder of the majority of the common stock of a series of corporations, organized by him, under the name of Phoenix Finance Company, to engage in the business of making loans on automobiles and, one, The Phoenix Finance System, Inc., organized to engage in investments as well as to act as holding company for the Phoenix Companies. Under written contracts with the Phoenix companies, to pay him a commission, he undertook to and did sell, shares of the capital stock of these corporations for a commission payable to him when the stock was sold of 10% of the sales price and in the year in question he received from the various companies for his commissions on sales, all made to Thompson and Company for cash, checks aggregating $63,632.50. As the companies' checks were

586

received appellant would endorse some of them to Thompson and Company and keep others, and on December 31, 1928, he caused a credit on the books of Thompson and Company, of $15,000, received on that date from the Phoenix Finance Company for sales of its stock during the year. The net result of these receipts from the Phoenix Companies and of his payments to Thompson and Company was, that of the $63,637.50 he received in commissions, he paid Thompson and Company, $44,887.50. In his income tax return, he took credit for the difference, $18,750 as commissions received, charged expenses paid, $3,250.81, with a net result of $15,499.19, as income from commissions. Thompson and Company reported as received by it the amounts he had paid to it.

Matters standing thus, when his attempted allocation of the commissions was rejected by the commissioner, appellant found himself in a very difficult position. In the face of a contract with him alone, providing that commissions would be paid to him when stocks were sold, he must maintain that he was agent as undisclosed principal of, Thompson and Company; or failing in that, he must shift foot entirely, to claim and maintain that Thompson and Company though the ostensible purchaser of the stocks, was really selling them with or for him under an arrangement for payment to it of a share of the commissions as its own, or as compensation for its services to him.

We agree with the District Judge that the burden was too heavy to be borne and that appellant failed to carry it. The proof as to what was done, not only in the year in question but in other years, does indeed show that Thompson and the corporations, of one of which he was the alter-ego, and of the others, the directing genius, did work together with very little lost motion due to formalism. It does show, too, that situated as he was with reference to the companies, he did not feel the need for definite written commitments, resolutions, etc., which would have been felt, had the situation as to ownership and control of the companies been different. And, it shows that there was a sort of a general understanding among all concerned that the stocks would be distributed to the general public through Thompson and Company. But, there was a precise and complete definiteness in the contracts with him as to who should receive the commission and as to when, and for what he should receive it. There was also a complete definiteness in the sales of the stock to Thompson and Company, for cash, in the receipt of his commissions upon such sales, and in the sales by it as its own of the shares of stock of the other companies.

It is these definite facts, which under settled rules of law, make the commissions paid him, his earnings, Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731. Saenger v. Commissioner, 5 Cir., 69 F.2d 631, and prevent his payment of part of them to Thompson, under some kind of distributive measure he then had in mind, from now being claimed, either as Thompson's earnings or as paid by him to it as business expenses, and therefore proper deductions.

The judgment was right. It is affirmed.