SOL M. FLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EMANUEL FLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MANFRED FLOCK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6048, 6828, 6829. Promulgated April 30, 1947.

*Samuel L. Einhorn, Esq.*, for the petitioners.
*William H. Best, Jr., Esq.*, for the respondent.

OPINION.

Murdock, *Judge*: Emanuel was not a member of Sol Flock's family. He was the owner of a one-third interest in the business of the Flock Manufacturing Co. at all times after January 1, 1935. He never shared that interest with any of the other parties to the various agreements or surrendered any part of his capital account. A part of his interest apparently went to Manfred under the 1934 agreement, but that would seem to be of no importance in this proceeding, since the Commissioner fully recognizes Manfred as a partner during 1941. Emanuel's one-third of the profits was either withdrawn by him or credited regularly to his capital account. His distributive share of the 1941 ordinary income of the partnership was $49,936.40. He was not entitled to receive any larger amount. The action of the Commissioner in taxing him with a larger share, to wit, $54,721.31, was arbitrary and not justified by the facts or the law. No sound reason for that action has been advanced and it is therefore reversed.

The Commissioner has recognized that Emanuel, Sol, and Manfred were partners for tax purposes during 1941. However, neither the circumstances under which Manfred was admitted to a partnership at the age of 15, nor the importance of the services contributed by him during 1941, would justify taxing him with more than his distributive shares of partnership income for 1941 as fixed by the applicable agreements. He was a member of two different partnerships during 1941. The agreement of April 20, 1938, was in effect at least until March 25, 1941, and under that agreement he was entitled to one-third of the profits. He was thus entitled to one-third of the profits for the period from January 1 until March 25, 1941. A new agreement was entered into on the latter date, purporting to fix his interest as of January 1, 1941, and thereafter at one-sixth instead of one-third. However, no such agreement could change his tax liability for his share of the income already earned up to March 25, 1941. The record does not show what the income of the partnership was for that period. Thereafter he was entitled to one-sixth only under the agreement of partnership and he did not earn more than one-sixth of the partnership income. The record does not show what the income of the business was for the last nine months of 1941. It is thus impossible to determine the exact amount of Manfred's distributive shares of the ordinary income of these two partnerships for the periods in 1941 during which they were in existence. Manfred must suffer the consequences of a failure of proof in this connection. However, it appears that the amount with which the Commissioner has taxed him may closely approximate the correct amount. If it were assumed that the profits were earned ratably during the year, then Manfred's share, consisting of one-third of the first quarter earnings, plus one-sixth of the earnings

of the last three quarters, would amount to about $31,250, as compared with $32,965.95 with which the Commissioner has taxed him. The Commissioner arrived at that amount upon another and an erroneous theory, but his determination should not be changed on the showing made in this record, in which there is an absence of proof of the correct amount. *Durfee Mineral Co.*, 7 B. T. A. 231. Actually, his share of the earnings for the year may have been a larger amount.

Sol, who appears to have dominated and controlled the various arrangements in so far as the members of his immediate family were concerned, objects to being taxed with more than the one-sixth to which he was entitled under the partnership agreements. The Commissioner seeks to tax him with $38,220.29 of the ordinary income earned by the business during 1941. That is less than one-third of the total ordinary income earned by the business during that year. Sol's share of the business on November 15, 1934, was apparently one-half. One of the subsequent divisions which he made of his original participation was to give Della a one-sixth interest in the business. The record does not show that she ever contributed any capital of her own to the business, and, while she contributed some services during 1941, they certainly were not vital to the success of the business. The circumstances show that the Commissioner did not err in taxing Sol with $38,220.29 of the ordinary income of the partnership for 1941, but might even justify taxing him with a larger share, upon the theory that as to Della, at least, there was merely a family arrangement to divide Sol's earnings two ways for tax purposes rather than an intention upon their part to carry on business as partners. *Lucas* v. *Earl*, 281 U. S. 111; *Commissioner* v. *Tower*, 327 U. S. 280; *Commissioner* v. *Lusthaus*, 327 U. S. 293. It is not necessary to go further in deciding the issues presented in these cases.

Reviewed by the Court.

*Decision will be entered under Rule 50 in Docket No. 6828. Decisions will be entered for the respondent in Docket Nos. 6048 and 6829.*