T.C. Summary Opinion 2001-154

UNITED STATES TAX COURT

VIRGILIO DELA CRUZ & MILAGROS DELA CRUZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1414-00S.                    Filed September 25, 2001.

Milagros Dela Cruz, pro se.

<u>H. Clifton Bonney, Jr.</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioners' Federal income tax of $2,968 for the taxable year 1997.

The issues for decision are: (1) Whether certain Social Security disability benefits are includable in petitioners' gross income; and (2) whether petitioners are entitled to a deduction for attorney's fees incurred in obtaining the Social Security benefits.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Daly City, California, on the date the petition was filed in this case.

During 1997, petitioner wife (Ms. Dela Cruz) received a lump-sum payment of $11,316 for Social Security disability benefits attributable to 1995 and 1996. Ms. Dela Cruz personally received $8,487 of this amount, and the remaining $2,829 was given to her lawyer. In addition, Ms. Dela Cruz's daughter,

---

[1]Respondent has made two concessions. First, respondent has accepted an amended return filed by petitioners but not reflected in the notice of deficiency. The amended return reflects taxable income of $42,503, while the notice's adjustments were made to taxable income of $43,289. Respondent concedes the difference. Second, respondent concedes a mathematical error in the notice: The "total increase" in income in the notice should read $9,850 rather than $9,856.

Nerilyn A. Dela Cruz, received Social Security benefits of $3,931. Petitioners filed a joint Federal income tax return in 1997 and reported $70,601 in adjusted gross income in that year, excluding the Social Security benefits. Respondent issued petitioners a statutory notice of deficiency with the determination that they had unreported income of $9,619 from these Social Security benefits.[2]

The inclusion of Social Security benefits in gross income is governed by section 86. Social Security disability benefits are treated in the same manner as other Social Security benefits. Sec. 86(d)(1); Thomas v. Commissioner, T.C. Memo. 2001-120. Taxpayers who file a joint return and whose modified adjusted gross income plus half of the Social Security benefits received is greater than $32,000 must include a portion of the benefits in their income. Sec. 86(a) through (c). Benefits generally are included in income in the year in which they are received, even if the benefits are attributable to prior years. Secs. 86(e), 451(a). The portion included in income, never exceeding 85 percent, varies according to a formula set forth in section 86(a). Petitioners had modified adjusted gross income of at least $70,601, see sec. 86(b)(2), and received benefits of $11,316. Because their modified adjusted gross income plus half

_____

[2]Respondent also determined that petitioners had unreported income of $38 in dividends. Petitioners concede this amount.

their benefits exceeds $44,000 by at least $32,259, they must include in income 85 percent of the benefits.  See sec. 86(a), (c).  Thus, respondent is correct in his determination that petitioners must include in income 85 percent of the Social Security disability benefits, or $9,619.

Petitioners' primary argument is that the payments should not be included in income because they are disability payments. As noted above, however, Social Security disability benefits are treated in the same manner as other Social Security benefits and must be included in income to the extent required under section 86.  See Thomas v. Commissioner, supra.

A portion of the benefits was paid directly to Ms. Dela Cruz's lawyer.  As a general rule, income is taxed to the person earning it even if the right to receive the income is contractually assigned to another person prior to its being earned.  Lucas v. Earl, 281 U.S. 111 (1930); Kenseth v. Commissioner, 114 T.C. 399 (2000), affd. 259 F.3d 881 (7th Cir. 2001); Banks v. Commissioner, T.C. Memo. 2001-48; see also S. Rept. 98-23, 26 (1983), 1983-2 C.B. 328 (stating that the total amount of Social Security benefits received by a taxpayer is not to be reduced by attorney's fees).  Under this principle, the Social Security benefits paid to Ms. Dela Cruz are includable in income despite the fact that her lawyer was paid directly by the Social Security Administration.

Under section 212(1), taxpayers are "allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year * * * for the production or collection of income". The amount of the deduction is limited to expenses related to the collection of income which is required to be included in gross income for Federal income tax purposes. Sec. 265(a)(1); sec. 1.212-1(a)(1), Income Tax Regs. Thus, petitioners are entitled to deduct 85 percent of the legal expenses incurred in securing the Social Security disability benefits (the percentage of the benefits which are included in income). See Andrews v. Commissioner, T.C. Memo. 1992-668.[3]

We briefly note that the Social Security benefits paid to or for Ms. Dela Cruz's daughter Nerilyn are not at issue. This amount was not determined to be includable in petitioners' gross income by respondent in the notice of deficiency: Only the $11,316 in benefits paid with respect to Ms. Dela Cruz were included.

---

[3]This deduction is a miscellaneous itemized deduction subject to the 2-percent floor of sec. 67(a). According to the amended return, petitioners have other itemized deductions in the total amount of $20,148. There are few details in the notice of deficiency concerning each of the individual deductions comprising this total amount, and neither party introduced into evidence a copy of petitioners' Federal income tax return for 1997. However, the notice does state that petitioners claimed miscellaneous itemized deductions of $1,100. This shows that a deduction for legal fees was not taken on the original return. No such deduction was taken on the amended return either, which increased petitioners' total itemized deductions by $786 "to report additional home mortgage interest."

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.