OPINION. TURNER, Judge: It is contended by the petitioner that a partnership evidenced by the writing of December 15, 1932. was formed on that date, that under that agreement he and his wife became equal partners, and that thereafter all of the income from his shoe-selling activities was partnership income and not his individual income, as the respondent has determined. The business here under consideration is that of selling shoes “on strictly commission basis” and the petitioner not only does not claim otherwise, but concedes that prior to December 15. 1932, the business and the income therefrom were wholly and solely his. The said writing so recites. Further, there is no claim that the method of producing the income, the source thereof, or the person or persons actually producing it were in any way changed by or after the execution of the December 15 writing. The petitioner in no way re-liquinshed any of his powers or control over the shoe selling activities and the writing shows that he had no intention of doing so. He continued to be the principal in so far as the manufacturers were concerned, and in that connection we have not overlooked the statement by an employee of the International Shoe Co. to the effect that he was told by petitioner and Mrs. Doll that they were operating as a partnership. Mrs. Doll, during her testimony, conceded that she had no standing as a representative of the shoe companies and that if she desired to sell shoes, in the event of the petitioner’s death, she would be required to negotiate her own sales arrangements with them. Furthermore, the petitioner in his testimony indicated that the force and effect of the writing of December 15 in so far as the rights of Mrs. Doll are concerned are to some extent dependent upon the provisions of his will, which of course, will not become effective until his death. In that connection, compare Estate of Eva Wasserman, 46 B. T. A. 1129. As for Mrs. Doll, she contributed no capital to the shoe selling business and assumed and had none of the powers or authority normally inherent in a partner. She sold no shoes and never entered into any contract in her own name or in the name of the St. Louis Trading Co. to sell shoes. Neither did she at any time contract any debts or incur any obligations in the name of the St. Louis Trading Co. The powers and rights in respect to those things belonged to petitioner. She did render certain services, and the petitioner, in the course of his testimony, indicated that these services were regarded-as her contribution to the claimed partnership. Even thou'gh there may have been some such thought in mind at or about December 15. 1932. it is apparent from what actually happened that she did not contribute her services to any partnership enterprise, but by another and different agreement received compensation therefor at a rate of $200 per month, which agreement continued up to and through the years here involved. From the evidence of record, we are unable to conclude, as the petitioner would have us do, that the shoe-selling business was conducted as a partnership. The operation was that of the petitioner and the income was his income. We have here a situation comparable in most respects to that in Schroder v. Commissioner, 134 Fed. (2d) 346. As in that case, the business here was essentially that of petitioner and the earnings were mainly due to his personal activities and abilities. The court in the case cited referred to the proceeding as “another of those efforts to make future returns from personal services taxable to some one other than the real earner of them.” Similarly we have here an effort on the part of the petitioner for income tax purposes to share his income. Considering, however, the fact that over the years up to and including the years here in question the petitioner has, in keeping with the actual conduct of his business. reported such irjcome as his income and no change in the operation of the business or the disposition of the profits therefrom has at any time been made or attempted, except in the present retroactive effort to recover income tax already properly reported and paid, we have a most belated as well as ineffective effort. See Mead v. Commissioner, 131 Fed. (2d) 323. See also Lucas v. Earl, 281 U. S. 111, and Helvering v. Horst, 311U. S. 112. The petitioner contends that we are precluded from considering and deciding the question herein by the decree entered March 10, 1942, in a proceeding in the Circuit Court of St. Louis County. Missouri, styled “Cornelia M. Doll, Plaintiff, vs. Francis Doll, Defendant.” He argues that the question is a question of property rights and that we are bound by the decision of the state court. He relies particularly on Freuler v. Helvering, 291 U. S. 35, wherein the Supreme Court did recognize and give effect to a decision of a state court determining property rights. The Supreme Court indicated, however, that the decision must have been entered in a proceeding where there was a real controversy to be determined and after such trial as would properly and fully present the facts and issues. On the other hand, the inference is clear that it would not recognize and give effect to the decision of a state court in a proceeding which was “collusive in the sense that all the parties joined in a submission of the issues and sought a decision which would adversely affect the Government’s right to additional income tax.” It is just such a case as the last described to which we are asked to give full force and effect. Both the petitioner and Mrs. Doll admitted that there was no difference, dispute or controversy between them, Mrs. Doll apparently being satisfied with the $200 per month received for the services which she rendered, the amounts received by her for household expenses on checks issued by petitioner, and any sums received and expended on the basis of the marital relationship. She testified that the filing of the suit in the local court was prompted by the respondent’s determination against the petitioner here. The actual controversy sought to be litigated therefore was that between petitioner and the Federal Government and that is the controversy which the petitioner pioposed to litigate before us when he filed his petition herein on June 13, 1941. While a hearing of some sort was had in the proceeding in the state court, the facts show that the petitioner, in his answer, admitted all of the material allegations contained in the petition filed by Mrs. Doll, and it is the decree entered in that proceeding that the petitioner contends is conclusive here. With that contention we do not agree. The proceeding was not a proceeding such as the Supreme Court had in mind in Freuler v. Helvering, supra. See and compare Botz v. Helvering, 134 Fed. (2d) 538; First-Mechanics National Bank of Trenton v. Commissioner, 117 Fed. (2d) 127; Masterson v. Commissioner, 127 Fed. (2d) 252; and Anna Eliza Masterson, 1 T. C. 315. Decision will be entered for the respondent.