ESSEX CONSTRUCTION COMPANY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20238. Promulgated June 30, 1949.

*Joseph A. Rafferty, Esq.,* for the petitioner.
*E. M. Woolf, Esq.,* for the respondent.

### OPINION.

OPPER, *Judge*: There are two possible views of petitioner's relation to the Government construction contract which it subsequently assigned to its president and the profit on which respondent is seeking to attribute to it. The one approach is to consider that its interest in the future profits was completely earned, as far as petitioner was concerned, from the instant the contracts were executed. The theory of this would be that its function had been to make the preliminary surveys, enter a bid, and receive the award of the contract, all of which it had already performed. Due to the somewhat peculiar arrangements between petitioner and its joint adventurers, all of the services contracted for were to be supplied by the other parties, and petitioner had no further obligation. It could merely sit back and wait for the profits to be realized.

The other possible approach is to consider that there remained to be completed certain activities, however formal and insubstantial, which it was the primary obligation of the petitioner under the contract to contribute. This conclusion would be based on the fact that the formulation and execution of supplementary agreements, the renegotiation of the original price, and the tender to and acceptance by the Government and its release from the contractual obligations upon completion were all participated in by petitioner.

It seems to us that on either theory the income in controversy is attributable to petitioner. If the former be adopted, the earnings when received had been earned by and belong to petitioner in the first instance and their transmission to its stockholder pursuant to whatever anticipatory arrangement and however indirect are to be treated as earnings of petitioner, *Helvering* v. *Eubank*, 311 U. S. 122;

*Merton E. Farr*, 11 T. C. 552, distributed through it. *Commissioner v. First State Bank of Stratford* (C. C. A., 5th Cir.), 168 Fed. (2d) 1004; certiorari denied, 335 U. S. 867. That would be so notwithstanding that payments were made direct to the stockholder and that they were never received by nor passed through petitioner. *United States v. Joliet & Chicago R. Co.*, 315 U. S. 44; cf. *Lucille H. Rogers*, 11 T. C. 435.

Under the latter approach, the earning of the profit was carried out by petitioner and whatever performance was required as to its participation was completed by it. On that theory, no prior assignment of the earnings would prevent their taxation to petitioner. *Lucas v. Earl*, 281 U. S. 111; *National Contracting Co. v. Commissioner* (C. C. A., 8th Cir.), 105 Fed. (2d) 488, affirming 37 B. T. A. 689. This performance by petitioner, as distinguished from the assignee, adequately distinguishes the present situation from that in *Commissioner v. Montgomery* (C. C. A., 5th Cir.), 144 Fed. (2d) 313, and, as pointed out in *National Contracting Co. v. Commissioner*, *supra*, from *Iowa Bridge Co. v. Commissioner* (C. C. A., 8th Cir.), 39 Fed. (2d) 777.

A different situation is presented by the second issue. The payment there involved was made by one of petitioner's employees not to petitioner, but to its president. It was a personal transaction. Petitioner did not receive the money. It did not earn it, and was never entitled to it. We view respondent's inclusion of this amount in petitioner's income as error.

The third issue of a net loss carry-over apparently disappears upon our disposition of the first question.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

JOHNSON, *J.*, concurs only in the result.