MILLER-SMITH HOSIERY MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27856. Filed June 17, 1954.

*Robert N. Chambliss, Esq.*, for the petitioner.
*S. Earl Heilman, Esq.*, for the respondent.

584

OPINION.

Bruce, *Judge:* The sole issue for decision is whether the entire profit realized on the sale of silk and nylon hosiery to Hartford in 1945 is taxable to petitioner. The question is essentially one of fact. Petitioner argues that the hosiery was sold through a "joint venture" or a "partnership" whose members were C. U. Smith, G. B. Smith, and Elizabeth S. Miller. Respondent contends that the transaction represented a sale by petitioner.

We have found as a fact that the sale was made by petitioner directly to Hartford, who was one of petitioner's regular customers. The hosiery was boxed and shipped to Hartford by petitioner. Petitioner's invoice was sent directly to Hartford. The entire transaction was handled by petitioner's vice president in charge of sales, who often took orders for petitioner. According to petitioner's records the sale was made directly to Hartford. Petitioner has not shown that the alleged "partnership" or "joint venture" ever acquired title to the hosiery. In fact, petitioner has not shown that a "partnership" or "joint venture" existed. No capital was contributed or risk assumed. There is no showing that Elizabeth S. Miller ever discussed the transaction with her alleged partners, C. U. Smith and G. B. Smith, or that she even knew of the existence of the venture prior to the receipt of income. C. U. Smith was the only one of the three alleged "partners" to render any appreciable service to the venture, and, for the most part, he was merely performing his accustomed duties as petitioner's vice president. Petitioner's head bookkeeper did not even know of the existence of the alleged partnership. He considered checks received from C. U. Smith as payments on the account of Hartford.

Petitioner contends that respondent puts form ahead of substance. We do not agree. Petitioner's allegation that the sale was made

through the alleged partnership is without merit. The transaction not only took the form of a direct sale to Hartford, but in substance it was a direct sale. It is true that the payments were made directly to C. U. Smith, who in turn paid petitioner. Handling the transaction in this manner eliminated the necessity of recording Hartford's payments in excess of O. P. A. ceiling prices. Also, certain obvious tax advantages might have been achieved. Nevertheless, the sale was made directly to Hartford. Therefore, the full amount of the profit on the sale is taxable to petitioner, notwithstanding the fact that a portion of the profit was not received by petitioner, but instead was divided among petitioner's officer-director stockholders or their wives. *United States* v. *Joliet & Chicago R. Co.*, 315 U. S. 44; *Essex Construction Co.*, 12 T. C. 1212.

There is no merit to petitioner's argument that it was necessary to make the sale through the alleged partnership because a direct sale would create customer dissatisfaction, as the entire transaction was made to appear a direct sale by petitioner to Hartford. Also, there is no merit to petitioner's contention that it cannot be charged with a profit on a sales price in excess of the O. P. A. ceiling. That it was illegal for petitioner to receive an amount in excess of the O. P. A. ceiling does not make the payment of the excess to petitioner's officer-director stockholders (or their wives) any less a subterfuge, or alter the fact that the income was earned by petitioner. *L. E. Shunk Latex Products, Inc.*, 18 T. C. 940, relied upon by petitioner is clearly distinguishable. In that case there was a valid sale to a valid partnership at a sales price fixed prior to the imposition of O. P. A. ceilings, under an arrangement established in accordance with arm's-length negotiations. There the Commissioner was attempting to reallocate income under section 45 of the Internal Revenue Code between commonly controlled businesses. Here he has correctly determined that the entire profit is taxable as petitioner's income under section 22 (a) of the Code.

*Decision will be entered for the respondent.*