ORVAL C. WALKER AND MARY C. WALKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walker v. Commissioner
Docket No. 671-70.
United States Tax Court
T.C. Memo 1973-144; 1973 Tax Ct. Memo LEXIS 146; 32 T.C.M. (CCH) 690; T.C.M. (RIA) 73144; June 28, 1973, Filed. Muckleroy McDonald, for the petitioners. Charles N. Woodward, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency in petitioners' income tax for 1967 in the amount of $1,271.50. The only issue is whether petitioners are entitled to a $6,000 deduction for payments they made to creditors under a Wage Earners Plan authorized by Chapter XIII of the Bankruptcy Act. 2 FINDINGS OF FACT The stipulated facts are found as stipulated. Orval C. Walker (hereinafter petitioner) and Mary C. Walker, *147 husband and wife, filed a joint Federal income tax return for the calendar year 1967 with the district director of internal revenue in Austin, Tex., reporting their income under the cash basis method of accounting. They were residents of San Antonio, Tex., at the time they filed the petition herein. During the year in issue, and for many years prior thereto, petitioner was an auditor for the National Bank of Commerce of San Antonio. Prior to and during the year in issue petitioner had incurred substantial personal debts as a result of his wife's illness, his efforts to provide support both for his parents and his wife's parents, and also his mismanagement of his own personal affairs. Petitioner contemplated a full declaration of bankruptcy whereby he would be relieved of all his personal debts, but he learned from the officers of the bank that he would be dismissed from his job for such action. Accordingly, on October 7, 1966, in an effort to alleviate the financial pressures on him and still maintain his position at the bank, petitioner filed a petition under Chapter XIII of the Bankruptcy Act in the United States District Court, Western District of Texas, San Antonio Division. *148 Under the provisions 3 of the petition, an arrangement, known as a Wage Earners Plan, was made with petitioner's creditors whereby the petitioner would pay $500 a month to a court-appointed trustee which was to be used as the court directed to pay petitioner's unsecured debts. During 1967, pursuant to the arrangement, petitioner and his wife paid $6,000 to the court-appointed trustee for settlement of their debts. The trustee disbursed the funds to the personal creditors of the petitioner. On their 1967 return petitioner and his wife deducted the entire $6,000 paid to the trustee as an ordinary and necessary business expense of the petitioner as an employee. Respondent disallowed the deduction in full. OPINION Petitioner claims his deduction under the auspicies of section 162, I.R.C., 1954, [1] and contends his position is 4 justified since he or any bank employee would have been dismissed upon a full declaration of bankruptcy. He argues that his sole reason for entering into the Wage Earners Plan agreement was to save his job, and that otherwise he would have declared full bankruptcy and been exonerated from any further payments on his personal debts. Respondent *149 counters petitioner's argument with the assertion that the petitioner's reason for entering into the Wage Earners Plan is irrelevant, that the debts giving rise to the payments were personal in nature and, therefore, the payments are nondeductible personal expenses under section 262. [2]
*150 Respondent correctly disallowed the $6,000 deduction claimed by petitioner, and we sustain his determination under the provisions of section 262. That section clearly provides that no payments made for personal, living, or family expenses shall be deductible. The circumstances herein clearly fall 5 within the purview of section 262 for at trial petitioner freely admitted that the expenses giving rise to the debts were almost entirely personal in nature. Also, other evidence adduced at trial indicates as much. Petitioner argues that the rationale of cases such as Leonard F. Cremona, 58 T.C. 219 (1972), in which a taxpayer was allowed to deduct his payments to an employment agency for its efforts to find him a new job, is applicable to the instant case. However, petitioner misses the point for a primary fact in all of the cases which reach the Cremona result is that taxpayers incurred the expenses to obtain or maintain their jobs. In the instant case petitioner incurred the expenses for personal or family reasons. His subsequent participation in the Wage Earners Plan, which was motivated primarily by his efforts to keep his job, did not give rise to new debts *151 or expenses but merely extended the period over which the petitioner could pay the obligations already in existence. Petitioner did not incur new debts to keep his job, he merely agreed to pay off his existing debts, and the fact that he might have escaped the debts in a full bankruptcy proceeding is irrelevant. On brief, petitioner made the additional argument that under the Wage Earners Plan the court-appointed trustee acquired both legal and equitable title to $500 of his 6 monthly salary, and consequently, since he had no right to the funds, he should not have to pay income tax on them. Here again we cannot agree with the petitioner's position for it contravenes the long-standing assignment of income principle which was firmly established in the tax law in the case of Lucas v. Earl, 281 U.S. 111 (1930). That case held that the incidence of our Federal income tax falls upon the taxpayer who earns the income regardless of who is entitled to receive it. From the record the evidence is clear that the wages assigned to the trustee were earned entirely by petitioner and that their assignment was solely for the settlement of his personal debts. Accordingly, petitioner *152 is liable for the income tax attributable thereto. Decision will be entered for the respondent. Footnotes
1. Section 162(a) provides, in pertinent part: (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - (1) a reasonable allowance for salaries or other compensation for personal services actually rendered; (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity. ↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩