ALICE LYSIAK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lysiak v. Commissioner
Docket No. 15883-79.
United States Tax Court
T.C. Memo 1981-108; 1981 Tax Ct. Memo LEXIS 634; 41 T.C.M. (CCH) 1068; T.C.M. (RIA) 81108; March 9, 1981. *634 During 1977, P earned wages. P claimed that she was not taxable on such wages because of her membership in a religious order which required her to give all of her income to such order. Held, P failed to introduce any evidence with respect to such religious order; therefore, the wages earned by P were taxable to her. Held, further, since she failed to prove that the underpayment of tax resulting from her failure to report such wages was not due to intentional disregard of rules and regulations, P is liable for an addition to tax under sec. 6653(a), I.R.C. 1954. Alice Lysiak, pro se. Richard E. Trogolo, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $ 1,812.00 in the petitioner's Federal income tax for 1977. He also determined *635 an addition to tax under section 6653(a) of the Internal Revenue Code of 1954[1] of $ 90.60 for such year. The issues for decision are: (1) Whether the petitioner is liable for income tax on wages received by her during 1977; and (2) whether the petitioner is liable for an addition to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT The petitioner, Alice Lysiak, resided in Indiana at the time she filed her petition in this case. The petitioner filed her Federal income tax return (Form 1040A) with the Internal Revenue Service. Attached to such return was a wage and earning statement, Form W-2, reflecting the petitioner's receipt of wages from the Gary Community School Corporation during 1977 of $ 11,102.12. Also attached to such return was a vow of poverty. On such return, the petitioner reported no income and claimed a refund of $ 1,741.87, the amount of Federal income tax withheld from her wages. In his notice of deficiency, the Commissioner determined that during 1977 the petitioner received *636 gross income from wages of $ 11,102.12 from the Gary Community School Corporation, which were not reported on her return. Also, the Commissioner determined that the petitioner was liable for the petition to tax under section 6653(a). OPINION Under section 61, gross income is defined to include compensation for services. It is clear that the wages the petitioner received from the Gary Community School Corporation were taxable to her in 1977. However, the petitioner contends that she is a member of a religious order and, in the exercise of the duties required by such order, filed a vow of poverty and gave all of her income to such order. She therefore contends that she did not owe any tax on the wages she received. The petitioner has the burden of proof. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). She introduced no evidence with respect to the nature of the religious order to which she claims she belongs, nor did she introduce any evidence that she in fact gave all of her income to such order. Even if she had introduced such evidence, it is highly unlikely that she could prevail on such ground. See *637 Lucas v. Earl,281 U.S. 111 (1930); Kelley v. Commissioner,62 T.C. 131 (1974). [2] Accordingly, we sustain the Commissioner's determination that the wages she received in 1977 were taxable to her. The Commissioner determined that the underpayment of tax resulting from the petitioner's failure to report her wages on her return was due to an intentional disregard of rules and regulations. He therefore asserted the 5-percent addition to tax imposed by section 6653(a). The petitioner has the burden of showing that she exercised due care in the preparation of her return and the payment of tax. Bixby v. Commissioner,58 T.C. 757, 791-792 (1972). The petitioner introduced no evidence to refute the Commissioner's determination. Moreover, it is abundantly clear that the petitioner's failure to report her wages and her filing of a vow of poverty constituted negligence within the meaning of section 6653(a). Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1977.↩
2. See also Lynch v. Commissioner,T.C. Memo. 1980-464↩.