KEVIN MINCKLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Minckler v. Commissioner
Docket No. 10388-80.
United States Tax Court
T.C. Memo 1981-343; 1981 Tax Ct. Memo LEXIS 401; 42 T.C.M. (CCH) 302; T.C.M. (RIA) 81343; July 1, 1981
Kevin Minckler, pro se. Frank W. Louis, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1978 in the amount of $ 3,084. The issue presented for our decision is whether petitioner's wages, earned while in the employ of the Picker Corporation, are subject to Federal income tax in view of petitioner's irrevocable vow of poverty and the direction by his ecclesiastical superiors to work as an electronic technician for the Picker Corporation. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Branford, Connecticut at the time of filing his petition. During the taxable *402 year 1978, petitioner was employed as an electronic technician by the Picker Corporation. The Picker Corporation is engaged in the manufacture of medical and surgical equipment. Petitioner signed and mailed to the Internal Revenue Service a Form 1040 for the taxable year 1978 to which was attached a Form W-2 issued to him by the Picker Corporation. Also attached to petitioner's Form 1040 was a photocopy of a notarized "Gift of All and Vow of Poverty," signed by petitioner and dated March 1, 1978. Petitioner's W-2 Form showed no funds had been withheld for payment of petitioner's Federal income tax liability, and his Form 1040 showed a tax liability of zero. Petitioner did, however, report earnings from his employment as an electronic technician for the Picker Corporation in the amount of $ 17,129.52. The tax liability of zero was explained by petitioner in a notation at the bottom of Form 1040 which states, "Note: I have taken a vow of poverty (copy attached) and am therefore, exempt from Federal income tax and F.I.C.A. tax." Petitioner also submitted a document in which he requested the funds withheld by his employer for F.I.C.A. taxes be returned to him. To this note petitioner *403 signed his name, "Rev. Kevin Minckler D.D." Petitioner had not attended college but had taken some home-study seminary and bible courses. At trial petitioner testified he was a Christian Libertarian whose work as an electronic technician was at the direction of his ecclesiastical superiors, one of whom was his father. He stated he worked in this capacity as an agent of his church. His church then provided for his needs. Petitioner stated further that he had been ordained by a member of the hierarchy of the Church of the Golden Rule as well as by the National Chaplain's Association, and he was Chief Executive Officer of his branch of the Church of the Golden Rule. His branch was independent of all other branches and independent of the Mother Church. It was controlled by a board of trustees composed of four members, two of whom were the petitioner and the petitioner's father. The only source of church income disclosed by petitioner was his salary of $ 17,129.52. Petitioner uses his home as his church. As of the time of trial, no regularly scheduled religious services had been performed by petitioner. He had performed no baptisms or marriages; he had delivered no sermons or *404 eulogies. Petitioners kept no list of church membership. Services were alleged to be on a one-to-one, come-as-you please basis. Petitioner held credit cards, at least one checking account and an automobile in his own name. Petitioner purchased the home which he is currently using as his church in 1975. Shortly thereafter he executed a quit claim deed to it naming his church as grantee. OPINION Petitioner formed a church, and assigned it his income, claiming to have taken an "irrevocable vow of poverty" along the way. Petitioner performed no services a member of the clergy would normally perform. His employment as an electronic technician was allegedly at the direction of his ecclesiastical superiors. Petitioner contends that the wages he earned during 1978 while employed by the Picker Corporation are not subject to Federal income tax because at the time he was earning his wages he was working in the capacity of an agent of his church. According to petitioner, his irrevocable vow of poverty and the direction by his ecclesiastical superiors to work in the secular world preclude the possibility of an imposition of Federal income tax. Conversely, respondent contends petitioner's *405 earnings were earned in the capacity of a principal and hence are taxable to petitioner. [1] Respondent contends petitioner's vow of poverty does not alter the fact that petitioner is attempting to assign income earned by him to his church. We agree with respondent. It is a fundamental principle of taxation that no effect will be given to an "arrangement by which * * * fruits are attributed to a different tree from that on which they grew." Lucas v. Earl, 281 U.S. 111, 115 (1930). The fruit and tree metaphor is more than a figure of speech: "it is a statement of the doctrine that earned incomes are to be taxed to those who earn them." 2 Mertens, Law of Federal Income Taxation, section 18.02, p. 8 (1974). See also Helvering v. Horst, 311 U.S. 112 (1940); Helvering v. Eubank, 311 U.S. 122 (1940); section 61. [2] Even assuming without deciding that petitioner and his church are not one and the same economically and spiritually, petitioner's contention that he was acting as *406 an agent of his church when he earned his pay is without merit. McGahen v. Commissioner, 76 T.C.    , (Mar. 26, 1981); Riker v. Commissioner, 244 F.2d 220 (9th Cir. 1957), cert. denied 355 U.S. 839 (1957); Kelley v. Commissioner, 62 T.C. 131 (1974). [3]
Petitioner has done nothing mor than rearrange the form of his financial affairs. By the mere expedient of creating a church, petitioner seeks to attribute wages earned in a temporal capacity to another. He merely transfers the wages he earns to his church and withdraws them at his convenience. His church is his home and his home is his church, he is both ecclesiastical superior and religious subordinate. Petitioner peformed no sacerdotal functions--no baptisms, *407 marriages, or funeral services. The arrangements before us are so transparent that they border on fraud, if indeed they have not crossed that. Decision will be entered for the respondent. Footnotes
1. See Rev. Rul. 77-290, 1977-2 C.B. 26; Rev. Rul. 79-132, 1979-1 C.B. 62 (amplifying Rev. Rul. 77-290, supra↩).
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue, unless otherwise indicated. ↩
3. See also White v. Commissioner, T.C. Memo. 1981-147; Young v. Commissioner, T.C. Memo. 1981-109; Lysiak v. Commissioner, T.C. Memo. 1981-108; Lynch v. Commissioner, T.C. Memo. 1980-464↩.