IN THE MATTER OF
THE ARKANSAS BAR ASSOCIATION, PETITION TO
AUTHORIZE A PROGRAM GOVERNING INTEREST
ON LAWYERS' TRUST ACCOUNTS

84-90                                           675 S.W.2d 355

Supreme Court of Arkansas
Opinion delivered September 17, 1984

Interest on Lawyers' Trust Accounts Committee, by: *Herman L. Hamilton,* Chairman, and *William D. Haught* of *Wright, Lindsey & Jennings,* for petitioner.

P. A. HOLLINGSWORTH, Justice. The Arkansas Bar Association through its Interest on Lawyers' Trust Accounts Committee petitioned this Court to establish a program permitting the collection of interest on lawyers' trust accounts and the disbursement of such interest by the depository institutions involved to an Arkansas nonprofit corporation. The recipient corporation would then apply these funds to such tax exempt purposes which serve the public interest.

This proceeding has been before us previously when the Arkansas Bar Association in an earlier petition requested this Court to consider the establishment of an Interest on Lawyers' Trust Accounts program (hereafter "IOLTA"). That petition was denied. *In Re: The Matter of Interest on Lawyers' Trust Accounts,* 279 Ark. 84, 648 S.W.2d 480 (1983). At that time, we determined that the establishment of an IOLTA program, while a commendable and worthwhile objective, could not be approved, inasmuch as the element of client consent was not present. This comes before us as an original proceeding seeking to invoke the constitutional

power of this Court to regulate the practice of law and professional conduct of attorneys in Arkansas. Ark. Const. amend. 28 (1938).

On April 9, 1984, in response to the petition now before us, we issued a per curiam opinion inviting interested parties to comment in support of or in opposition to the petition. The principal responses in support have been from the original petitioners and one attorney. There was one response filed in opposition on April 18, 1984. We do not view this minimal response as a lack of interest in this subject but rather note that interested parties expressed their views in the prior proceeding.

We also note that at the present time, there are IOLTA programs in twenty-two states.[1] Arizona, Minnesota and California have mandatory programs in which all lawyers with trust accounts are required to participate, but in the remaining nineteen states these programs are voluntary. Of these twenty-two states, there are eleven that have operational programs where interest income has been received and the figures range from a low of $1500 in Idaho (implementation date January 1, 1984) to a high of $4,900,000 in California (implementation date March 1, 1983). In three states, money has been distributed for legal services to the poor: Florida - $1,573,090; New Hampshire - $123,000; and Colorado - $28,500. While the results have been uneven due to such factors as population and implementation dates, the potential for generating funds for public service needs and projects is apparent.

The proposal before us is in essence patterned after the Florida program and provides for attorney participation on a voluntary basis.

The Internal Revenue Service, in Revenue Ruling 81,209, has determined that interest income earned on lawyers' trust accounts under the Florida IOLTA program

---

[1] Florida, California, Idaho, Kansas, Maryland, Colorado, New Hampshire, Minnesota, Oregon, Nevada, Virginia, Illinois, Oklahoma, Delaware, North Carolina, New York, Hawaii, Utah, Vermont, Georgia, South Dakota, and Arizona.

will not be taxable income to the clients. The key to the determination by the Internal Revenue Service is that the *client cannot control by consent or veto* whether his or her nominal or short-term funds may be placed by the attorney in an IOLTA account. If client consent were required, then under the long-standing doctrine of "assignment of income," first articulated in *Lucas* v. *Earl*, 281 U.S. 111 (1930), the client would be taxed on the income. Further requirements are that the organizations receiving the IOLTA income must be tax exempt under Section 501(c)(3) of the Internal Revenue Code, and such must be used for approved charitable and public service purposes which must comport with applicable Treasury Regulations and Revenue Rulings.

With the authorization of "NOW" accounts, (interest-bearing checking accounts) there is now a viable vehicle for holding clients' trust funds, in small amounts, or for relatively short periods of time, in an interest-bearing account which is payable on demand. The Board of Governors of the Federal Reserve System has specifically ruled in the case of the Florida IOLTA program that "NOW" accounts can be used by participants in the program.

The Code of Professional Responsibility of the American Bar Association mandates the treatment of clients' trust funds through Disciplinary Rule 9-102 and was adopted by per curiam order of this Court on June 21, 1976, to become effective July 1, 1976. The rules mandate that clients' funds held by an attorney must be segregated into a clearly labeled trust account unless they are fees and advances for costs and expenses. These trust account funds as to each individual client, are either nominal in amount or are to be held for only a short period of time. In those cases in which these funds are more than nominal in amount or are to be held for longer periods, the client may instruct the attorney to place the funds in an interest-bearing account for the credit of the client. Absent such instructions or a joint agreement with the client, and faced with the complex and expensive accounting problems inherent both in the investment of these funds and in the apportionment of their

earnings among individual clients, attorneys have typically deposited clients' funds in noninterest-bearing commercial bank checking accounts.

In our previous decision, we expressed concern about these funds being used to generate income for a purpose without the owner's consent and indicated that participation in the program must be conditioned upon notice to and approval by the clients whose funds are so used. We now wish to modify that ruling for the following reasons.

At present, the earnings of funds held in trust accounts can benefit neither the attorney nor the client, but simply redound to the benefit of the depository institution. The underlying concept of the IOLTA program is that while the interest generated by each client's trust account funds is too small to warrant payment to the client, the collective interest generated by the lawyer's trust account as a whole may be substantial. The interest produced by the trust accounts of all practicing attorneys in Arkansas would be a very significant source of income for the benefit of public interest programs related to the legal profession. The funds in question are not now available to individual clients, and for practical reasons cannot be made available to them. To the extent that funds do and can benefit individual clients, the proposed changes do not alter those practices.

Second, the IRS stated that the tax treatment being sought for the program would be approved so long as clients could in no way and to no degree control the creation or destiny of earnings generated on their attorney-held funds. The approval was conditioned upon the removal of all client control over the placement of funds and over any interest from which the client could never benefit either because the amounts on deposit were too small or were to be held for only a short duration.

Taking these factors into account we find that the public good will be advanced and many public benefits will flow from the adoption of a voluntary program designed to generate interest on lawyers' trust accounts. We conclude, therefore, that the petitioner's proposal should be adopted

subject to modifications by intervening orders of this Court and subject to the following:

1. That interest be made available under the program only on a voluntary basis — that is, on the basis of willing participation by attorneys and law firms, whether proprietorships, partnerships, or professional corporations.

2. No earnings from the funds may be made available to the attorneys or firms.

3. Clients may specify that their funds are to be deposited in interest-bearing accounts for their benefit as long as these funds are neither nominal in amount nor to be held for a short period of time.

4. Client consent is not an element of the IOLTA program. However, attorneys and law firms participating in the program shall inform their clients of their participation by sending to each client a notice, in the form set out below, providing information concerning the new procedures and the uses of trust earnings.

5. Clients' funds which are nominal in amount or to be held for a short period of time by attorneys and law firms not participating in the IOLTA program must be retained in noninterest-bearing, demand accounts.

6. The qualified recipient of interest earnings on lawyers' trust accounts should be a newly created Arkansas nonprofit corporation to be governed by a Board of Directors comprised of the Chief Justice and two Associate Justices, five members of the lay public appointed by the Governor of Arkansas,[2] three lawyers appointed by the President of the Arkansas Bar Association, and the President of the Arkansas Bar

[2]Act 477 of 1977 as amended by Act 558 of 1983 identifies community action organizations serving the low income citizens of Arkansas. Three of the five lay members appointed by the Governor shall be representatives of low income persons from a list recommended to the Governor by the nineteen (19) existing community action organizations.

Association; twelve (12) in all. With the exception of the Chief Justice, the two Associate Justices and the President of the Arkansas Bar Association, terms of the directors should be on a staggered basis.

7. The qualified recipient, an Arkansas nonprofit corporation, should be required to obtain such Internal Revenue certificates of exemption from income taxes as necessary to insure that no participating lawyer or any affected client be charged with or taxed upon any interest paid on funds in a trust account which is used in participation with the program. The qualified recipient, an Arkansas nonprofit corporation, should allocate net income from this program to the following:

(a) For legal aid to the poor;

(b) For student loans and scholarships;

(c) For improvement of the administration of justice;

and

(d) For such other purposes as the Court may from time to time approve and as meet the qualifications hereinabove prescribed.

8. After a lawyer has notified the bank of intention to participate in the program in writing, the bank should transmit interest earnings directly to the authorized recipient, should make periodic reports of earnings and disbursements to the lawyer, and should be permitted to make reasonable charges for such services against the interest earnings of the respective accounts.

9. The determination of whether a client's funds are nominal in amount or to be held for a short period of time rests in the sound judgment of each attorney or law firm.

10. This Court, after the program has been implemented for a reasonable length of time, may impose guidelines upon what constitutes funds "held for a short period of time" or funds "nominal in amount."

It is so ordered.

N O T I C E*

In conformity with the Arkansas Code of Professional Responsibility, this law firm maintains an interest bearing trust account where client funds, which are nominal in amount or to be held for a short time, are deposited.

If funds belonging to you are deposited in this firm's trust account, any interest earned therefrom will be forwarded by the depository bank to a non-profit organization who will dispense the funds to provide legal aid to the poor, to provide funds for student loans and scholarships, to improve the administration of justice and for such other programs as may be specifically approved from time to time by the Supreme Court of Arkansas for exclusively public purposes.

This law firm will receive no part of such interest and no individual will benefit therefrom unless in connection with the above stated purposes as approved by the Arkansas Supreme Court.

---

**\*Proposed Notice To Client-Arkansas-8/1984**