IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

EWALD MOSELER,      )
             )
    Plaintiff,    ) TC-MD 140335C
             )
  v.         )
             )
DEPARTMENT OF REVENUE,   )
State of Oregon,      )
             )
    Defendant.   ) **FINAL DECISION**

This Final Decision incorporates without change the court's Decision entered

March 10, 2015. The court did not receive a request for an award of costs and disbursements

within 14 days after its Decision was entered. *See* TCR-MD 16.

Plaintiff appeals Defendant's Notice of Deficiency Assessment (Assessment) dated

June 24, 2014, for the 2008 tax year. A trial was held in the Oregon Tax Courtroom on

March 2, 2015, in Salem, Oregon. Plaintiff appeared on his own behalf. Vanessa McDonald and

Darren Weirnick, Assistant Attorneys General, appeared on behalf of Defendant. Plaintiff timely

exchanged Exhibits 1-10. Defendant timely exchanged Exhibits A-M.

## I. STATEMENT OF FACTS

Defendant issued an Assessment against Plaintiff for tax year 2008 dated June 24, 2014.

(Ptf's Compl at 4.) Plaintiff challenged two adjustments made by Defendant to his 2008 Oregon

personal income tax return. (Ptf's Compl at 1-2.) One issue had to do with cancellation of debt

income, and the other with the proper characterization of income which, according to a

Form 1099-MISC, was paid to Plaintiff personally but which Plaintiff asserts was actually paid

to Plaintiff's corporation. (*Id*. at 1-2.)

/ / /

FINAL DECISION  TC-MD 140335C                1

Defendant submitted a Pretrial Memorandum (Memorandum) to the court, filed February 26, 2015.  In that Memorandum, Defendant stated, among other things, that "[a]fter consideration of the documents received during discovery, the department [] has decided not to contest plaintiff's assertion that a loan from his corporation to him of $91,318 was discharged in bankruptcy and therefore excludable under IRC § 108."  (Def's Memo at 1.)  The court accepted Defendant's decision, set forth in its Memorandum, to not contest Plaintiff's position that "a loan from his corporation to [Plaintiff] [in the amount] of $91,318 was discharged in bankruptcy and therefore excludable under IRC § 108."  (*Id*.)  Accordingly, the only issue remaining was the proper treatment of the 1099-MISC income.

Plaintiff was originally represented by counsel.  Plaintiff's counsel withdrew her representation of Plaintiff before trial, but after timely exchanging exhibits.  However, Plaintiff did not bring copies of those exhibits with him to trial, and did not know the details of the contents of the exhibits, or know any specific exhibit numbers.  Plaintiff offered some of those exhibits, but they were excluded by the court.

Plaintiff testified that he had a corrected Form 1099 from Mitchell Wines that he received after Defendant completed its audit of his 2008 personal income tax return.  Defendant objected to the testimony and Plaintiff's attempt to introduce that document into evidence because he did not have a properly marked copy of the document to offer.  The court granted Defendant's request to ask questions in aid of objection.  In response to Defendant's questions, Plaintiff testified that the alleged corrected 1099 was given to him in October 2014 and that the document was not sent to him personally but rather to his accountant, who was not at trial.  Plaintiff testified that he obtained the corrected 1099 from his accountant.  Plaintiff further testified that

/ / /

he had no personal knowledge of whether the 1099 was issued by Mitchell Wines. The court sustained Defendant's hearsay objection, excluded the document and struck the testimony.

Next, Plaintiff testified that he had a letter from an attorney. Defendant again objected, asking Plaintiff what letter he was referring to, and whether he had an exhibit to offer. Defendant also stated it had concerns over the relevance of that document, and possible concerns with hearsay. That document was not exchanged prior to trial and Plaintiff did not have a properly marked exhibit to offer into evidence. The court therefore sustained Defendant's objection, excluded the document and barred any testimony about the letter from the attorney based on the grounds of hearsay.

Plaintiff testified about a letter he had received from an accountant that explained why Plaintiff's 2008 Oregon personal income tax return was "corrected." Defendant objected on the grounds of hearsay and the fact that Plaintiff did not have a properly marked exhibit exchanged prior to trial according to court rule. *See generally* Tax Court Rule-Magistrate Division (TCR-MD) 12. Plaintiff acknowledged he did not have a marked exhibit to offer into evidence. The accountant was not present at trial to authenticate the letter or be examined on cross. The court therefore sustained Defendant's objection, refused to admit the letter and struck Plaintiff's testimony.

Plaintiff then testified that he corrected his 2008 Oregon return, made a payment to Defendant, and that Defendant returned the check to him. Defendant again objected, asking Plaintiff what exhibit he was referring to. Plaintiff responded that he did not have any exhibit. Defendant also questioned the relevancy of that testimony. The court sustained Defendant's objection and struck the testimony based on lack of relevance.

/ / /

Finally, Plaintiff testified that Defendant's decision that the income in question was personal and not corporate was incorrect. Plaintiff spoke of a letter he received from Defendant dated June 24, 2014. Defendant objected, asking Plaintiff what letter he was referring to, and whether he had a properly marked exhibit. Plaintiff indicated he did not. The court sustained Defendant's objection.

At the close of Plaintiff's presentation of his case, Defendant moved for dismissal pursuant to Tax Court Rule (TCR) 60.[1] Defendant stated the grounds for its objection. Namely, Plaintiff did not present any testimony based on first-hand knowledge, and had no exhibits to offer.

## II. ANALYSIS

Plaintiff appealed Defendant's assessment of his 2008 Oregon personal income tax return. The only issue remaining before the court at trial was "[w]hether $58,776 reported on the Form 1099-MISC issued to plaintiff by Mitchell Wines Group LLC (Mitchell Wines) for the 2008 tax year constitutes income to plaintiff or to the Corporation[.]" (Def's Memo at 1.) Plaintiff has the burden of proving his case by a preponderance of the evidence. ORS 305.427.[2] This court has previously stated that a preponderance of the evidence means " 'the greater weight of evidence, the more convincing evidence.' " *Yarborough v. Dept. of Rev.*, 21 OTR 40, 44 (2012), quoting *Feves v. Dept. of Revenue*, 4 OTR 302, 312 (1971). Under *Lucas v. Earl*, 281 US 111 (1930), income is taxed to the individual who earns it. The income at issue was reported on a Form 1099-MISC as having been paid to Plaintiff. (Ptf's Compl at 2.) Plaintiff has the

///

---

[1] TCR 60 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

burden of proof and must prove that the income was actually intended as income to his corporation, not to him personally.

After Plaintiff rested his case, Defendant moved for dismissal pursuant to TCR 60, which provides in relevant part:

> "Any party may move for a dismissal at the close of the evidence offered by an opponent or at the close of all the evidence. * * * A motion for dismissal shall state the specific grounds therefor. The judgment of the court granting a motion for dismissal shall be with prejudice."

The court granted Defendant's Rule 60 motion because Plaintiff had not met his burden of proof with regard to the issue of the 1099-MISC income by failing to present any admissible exhibits or testimony to support his claim.

The court has specific rules pertaining to the advance exchange of exhibits. TCR-MD 12 B requires the parties to organize and mark their exhibits. TCR-MD 12 B(1) requires "[p]laintiff's exhibits [] be marked numerically * * * [that] [e]ach page * * * be numbered sequentially[,] * * * with the case number." TCR-MD 12 C requires the parties to provide copies of all exhibits to the court and the other party prior to trial. TCR-MD 12 C(1)(a) provides that exhibits must be either postmarked at least 14 days before trial or physically received at least 10 days before trial. Plaintiff attempted to admit documents at trial that were not exchanged before trial in accordance with the court's rules and were not properly marked; those exhibits were excluded.

Other exhibits offered by Plaintiff and objected to by Defendant were excluded on the grounds of hearsay or a lack of relevance.

Plaintiff's testimony was struck by the court based on objections of hearsay or a lack of relevance.

///

Without any evidence, either exhibits or testimony, to consider, the court granted Defendant's motion to dismiss. Had Plaintiff brought his exhibits with him to trial and possessed the requisite firsthand knowledge to testify about them, or brought witnesses who could provide testimony, the court would have been able to evaluate Plaintiff's claim. Without any properly admitted evidence Plaintiff was unable to present the prima facie case necessary to survive Defendant's TCR 60 motion.

### III. CONCLUSION

The court finds that based on Defendant's statement in its Pretrial Memorandum, filed February 26, 2015, that the loan to Plaintiff from Plaintiff's company in the amount of $91,318 was discharged in bankruptcy and excludable under IRC section 108. Based on the lack of admissible evidence presented by Plaintiff, the court granted Defendant's Rule 60 motion and finds that Plaintiff's claim with regard to the $58,776 reported on the 2008 Form 1099-MISC as income to Plaintiff must be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that based on Defendant's statement in its Pretrial Memorandum, filed February 26, 2015, Defendant shall correct is Notice of Deficiency Assessment, dated June 24, 2014, to reflect that the loan to Plaintiff, from Plaintiff's company, in the amount of $91,318 was discharged in bankruptcy and excludable under IRC section 108.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER DECIDED that Plaintiff's claim with regard to the $58,776 reported on the 2008 Form 1099-MISC as income to Plaintiff is dismissed.

Dated this ____ day of March 2015.

_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the final decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Allison R. Boomer on March 31, 2015. The court filed and entered this document on March 31, 2015.*