IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

JASON L. GORDON,                          )
                                          )
            Plaintiff,                    )    TC-MD 170236R
                                          )
      v.                                  )
                                          )
DEPARTMENT OF REVENUE,                    )
State of Oregon,                          )
                                          )
            Defendant.                    )    **FINAL DECISION**[1]

Plaintiff appealed Defendant's Notices of Assessment, dated May 15, 2017, for the 2013

and 2014 tax years. A trial was held on January 11, 2018, in the Oregon Tax Court. Jason L.

Gordon (Gordon) appeared and testified on his own behalf. Joshua Lawson appeared on behalf

of Defendant. Plaintiff's Exhibits 1 and 2 were admitted into evidence without objection.

Defendant's Exhibits A to C were admitted into evidence without objection. At the conclusion

of the trial the court gave the parties the option of filing written closing arguments. Plaintiff filed

a post-trial brief on February 1, 2018.

## I. STATEMENT OF FACTS

Gordon testified that prior to the 2013 tax year, he filed federal and state tax returns

based on the income he received from his employer(s). He testified that he did some

independent research and came to the conclusion that he was not required to pay federal or state

income taxes because he was not an employee and did not have wages subject to income tax

laws.

/ / /

---

[1] This Final Decision incorporates without change the court's Decision, entered June 6, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

For the 2013 tax year, Gordon worked for and received compensation from Xerox Commercial Solutions LLC (Xerox) in the amount of $8,496.52. (Def's Ex A at 1.) From that compensation Xerox withheld $751.77 for federal income tax and $537.71 for state income tax. *Id*. Also in that tax year, Gordon worked for Tripwire Inc. (Tripwire) and received compensation in the amount of $1,890.00. (Def's Ex A at 2.) Tripwire withheld $102.14 for federal income tax and $96.53 for state income tax. *Id*. Both Xerox and Tripwire filed W-2 transcripts with Defendant detailing Plaintiff's compensation and withholding information. Gordon testified that he filed a Form 4852, substitute for Form W-2, with the state and federal taxing agencies, reporting zero earnings for 2013. Gordon filed federal and state tax returns also reporting zero earnings and requesting a refund of the taxes withheld. (Def's Ex B at 1 to B at 5.)

Gordon followed a similar procedure for the 2014 tax year. In that year, Gordon earned $36,141.32 in wages from Tripwire; $4,043.40 was withheld for federal income taxes, and $2,416.03 was withheld for state income taxes. (Def's Ex A at 3.) Again, Gordon filed a Form 4852 and federal and state income tax returns reporting zero earnings for the 2014 tax year. He also requested a refund of the taxes withheld. (Def's Ex B at 6 to B at 11.)

## II. ANALYSIS

In analyzing Oregon income tax cases, the court starts with several general guidelines. First, the court is guided by the intent of the legislature to make Oregon's personal income tax law identical in effect to the federal Internal Revenue Code (IRC) for the purpose of determining taxable income of individuals. ORS 316.007.[2] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish his or her case by a "preponderance" of the evidence. ORS 305.427

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to the 2011 version.

Plaintiff presents three arguments in support of his case. First, he argues he received neither income nor wages under IRC section 61 during the tax years at issue upon which he could be assessed an income tax. Second, he argues he was not an employee subject to income tax under IRC section 3401(a). Third, he argues his appeal to the Tax Court was based on his good faith belief in his research and the appeal was not frivolous.

A. *Gross Income Subject to Taxation*

We start the analysis with the Sixteenth Amendment to the United States Constitution: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." US Const, Amend XVI. The Supreme Court upheld the constitutionality of income tax laws enacted subsequent to ratification of the Sixteenth Amendment. *Brushaber v. Union Pac. R. Co.,* 240 U.S. 1 (1916). Since that time, courts have consistently upheld the constitutionality of the federal income tax.

In his post-trial brief, Plaintiff takes snippets from various court cases in support of his argument that "income" is a constitutional term and may not be defined by Congress. (Ptf's Brief at 4 citing *So. Pacific v. Lowe*, 247 U.S. 330 (1918)). But cases cited by Plaintiff do not stand for the proposition that he contends. For example, Plaintiff cites *U.S. v. Ballard*, 535 F2d 400, 404 (8th Cir 1976) for the proposition "The general term 'income' is not defined in the Internal Revenue Code." (Ptf's Brief at 2). But the more complete quote is:

> "The general term 'income' is not defined in the Internal Revenue Code. Section 61 of the Code, 26 U.S.C. § 61, defines 'gross income' to mean all income from whatever source derived, including (but not limited to) the following items:
> (1) Compensation for services, including fees, commissions, and similar items;
> (2) Gross income derived from business;
> * * *"

*Ballard,* 535 Fd2 at 404.

In context of the *Ballard* case, the court also makes it clear that a taxpayer's gross receipts may not represent gross income, when you are analyzing a business. *Id*. at 404. That proposition is true enough, but not relevant in this case where Plaintiff, as an individual, received compensation for services rendered. Similarly, Plaintiff misquotes *Lucas v. Earl*, 281 US 111, 50 S Ct 241, 74 L Ed 731 (1930) for the proposition that salaries, wages, and compensation of personal services may not be taxed. (Ptf's brief at 4.) The quote offered in the brief is not actually found in the court opinion. Further, the holding of that decision is that a taxpayer may not redirect compensation to another by agreement to escape paying income taxes. The case offers no support for Plaintiff's argument.

Any income, from whatever source, is presumed to be income under IRC section 61, unless the taxpayer can establish that it is specifically exempted or excluded. See, *Reese v. United States*, 24 F3d 228, 231 (Fed Cir 1994) (stating that "an abiding principle of federal tax law is that, absent an enumerated exception, gross income means all income from whatever source derived."). The notion that compensation for services such as those received by Plaintiff represents gross income which is subject to income tax is a proposition that has been firmly established for generations. *Connor v. Comm'r*, 770 F2d 17 (2nd Cir 1985) ("The argument that [wages are non-taxable] has been rejected so frequently that the very raising of it justifies the imposition of sanctions." *Id*. at 20.

Gordon's compensation from his employers is presumed to be taxable income under IRS section 61. He has not presented evidence that his gross income was exempted or excluded. Thus, the court finds that Plaintiff received gross income for the tax years at issue which was subject to income tax.

/ / /

B.    *Income Taxes Are Not Limited to Public Employees and are not Part of Subtitle C*

Plaintiff argues that he is not in the class of employees subject to tax under IRC section 3401(a) as they only apply to public employees. Gordon argues that the definition of "employee" in section 3401(c) is limited to government workers. That section defines "employee" and states that the term "includes an officer, employee or elected official of the United States." That language does not address how other employees' wages are subject to withholding or taxation. Section 7701(c) states that the use of the word "includes" "shall not be deemed to exclude other things otherwise within the meaning of the term defined." Thus, the word "includes" as used in the definition of "employee" is a term of enlargement, not of limitation. It makes federal employees and officials a part of the definition of "employee," which generally includes private citizens. The U.S. Tax Court has consistently found the type of argument presented by Plaintiff to be "nonsense." *Connor,* 770 Fd2 at 19. Further, as this court has previously held, personal income taxes are found in Subtitle A of the IRC not Subtitle C as that section is about employer taxes. *Glasgow v. Dept. of Revenue*, TC-MD 160033R, WL 4264626 (OR Tax M Div Aug 12, 2016).

C.    *Frivolous appeal penalty*

The court's authority to grant frivolous appeal penalties is derived from ORS 305.437 which states:

> "(1) Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, a penalty in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. * * *
> (2) As used in this section:
> (a) A taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position.
> (b) 'Position' means any claim, defense or argument asserted by a taxpayer without regard to any other claim, defense or argument asserted by the taxpayer."

Plaintiff previously filed tax returns and paid his income taxes up until the 2013 tax year when he asserts he did some research. Despite claims to originality, the types of arguments made by Plaintiff have been litigated over and over again. This court specifically instructed Plaintiff during the initial case management conference to read and consider the *Glasgow* decision. Plaintiff indicated he did so, yet he still argued that the Subtitle C issue was relevant. Plaintiff offered nothing which could be construed as a good faith argument that his income from employment was not subject to tax. In *Stark v. U.S.*, 127 Fed Appx 355 (9thCir 2005), the court reviewed an appeal of a "zero return" similar in nature to Plaintiff's returns. The court found taxpayer filed her returns "reporting zero income and zero tax due, and requesting refunds for the amounts withheld by her employers from her wages. On each return, she also included a statement contending that her income was not taxable. Stark maintained that her wages did not constitute income under the tax code throughout attempts by the IRS to settle the matter. We have rejected this argument. *See United States v. Romero,* 640 F2d 1014, 1016 (9th Cir 1981). Accordingly, the IRS properly assessed frivolous return penalties against Stark * * *." *Id.* at 355-56. The court finds that Plaintiff filed this appeal without any objectively reasonable basis for asserting his position. Under these circumstances, the court awards Defendant $1,000 in penalties pursuant to ORS 305.437.

## III. CONCLUSION

After careful consideration, the court finds that Plaintiff offered no evidence that Defendant's Notices Assessment are in error for either of the years in issue. The court also concludes that Plaintiff's challenge to Defendant's Notices of Assessment is objectively unreasonable and frivolous. As a result, the court awards damages of $1,000 to Defendant under ORS 305.437. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

IT IS FURTHER THE DECISION OF THIS COURT that Defendant is awarded damages of $1,000 under ORS 305.437 for Plaintiff's frivolous appeal.

Dated this ____ day of June, 2018.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on June 26, 2018.*